## LIVINGSTON v. DICK.

1  323
50 1084

Want of citation is cured by the appearance and pleading of the defendant, and his consent to go to trial upon the merits without any decision upon an exception on the ground of want of citation.

An affidavit for an injunction which recites that, "the facts and allegations set forth in the petition for an injunction are true, and that the facts, stated to be on his belief, he believes to be correct," is sufficient.

A mortgagee can proceed by seizure and sale only where the mortgage is by authentic act.

A certificate by a notary, appended to an instrument to which the names of two persons are signed as parties and two others as witnesses, reciting that, "the above act was signed in my presence by both the above parties, and also the above signed witnesses, for the purposes therein contained, and I, the undersigned parish judge, have also signed the same, on this 26 day of February, 1841," is not sufficient to render it authentic. C. C. 2231.

APPEAL from the District Court of Ouachita, *Willson,* J. *Purvis,* for the appellants. *McGuire* and *Ray,* for the defendant.

The judgment of the court was pronounced by

SLIDELL, J. *William Dick,* the present defendant, applied for and obtained an order of seizure and sale, upon an instrument in writing, called by him in his petition a mortgage in the form of a deed of trust, commanding the sheriff to seize and sell the slaves mentioned in the deed, to satisfy the sum of $1706 10, with interest from the 15th January, 1844, and costs. The present plaintiff, *Livingston,* then sued out an injunction against *Dick,* enjoing the sale of the property. The defendant in injunction filed a written motion to dissolve the injunction, in which he alleges as grounds for the dissolution:

1st. .That he had not been served with a citation, but that the plaintiff had induced the sheriff to desist from proceeding in the case. This ground hardly requires notice. The objection of absence of citation was clearly abandoned by the defendant's appearance and pleading in the cause, and going to trial before a jury upon the merits, without any disposition made of that part of the motion.

2d. The insufficiency of the affidavit, "as no particular fact is sworn to, and the affidavit is i ndefinite, and does not state what facts are sworn to." Th affidavit appears to us sufficient. It is that, "the facts and allegations set fo the above petition are true and correct, and that those facts stated o b on his belief, he believes to be correct."

The motion then assumes the form of an answer, and states that the allegations of the petition are untrue, specially denying a portion of them. The answer concludes with a prayer, "that the plaintiff be ruled to prove in a summary manner, the truth of the facts alleged in his petition or opposition and on his failure to do so, that his opposition be rejected, the injunction dissolved with interest at ten per cent on the amount enjoined, and special damages, twenty per cent for counsel fees and other expenses herein, and for general relief."

Upon these pleadings the cause was sumbitted to a jury, who returned the following verdict: "We, the jury, find for the defendant, that the injuction be. dissolved, with five per cent interest from judicial demand, and ten per cent special damages." Upon this verdict the court rendered a judgment decreeing, " that the injunction be dissolved, and that the defendant recover from *Aaron Livingston,* and the securities on the bond, *in solido,* inter     at five per cent,

LIVINGSTON
*v.*
DICK.

from judicial demand, on the amount enjoined $1710 10, and ten per cent on the same amount, as special damages, with costs of suit." A remittitur was entered by *Dick* for the five per cent interest, from judicial demand up to the date of service of the injunction.

From this judgment the plaintiff and his sureties have appealed ; and the defendant has filed an answer to the appeal, in which he prays that the judgment be amended so as to give him twenty per cent special damages, instead of ten per cent given by the court below, and for general relief.

We have been thus particular in stating the pleadings and proceedings in this cause, because, from a consideration of them it cleary results that, although numerous points have been raised, the only questions before this court are, whether the order of seizure and sale was properly issued ; and whether, supposing the case to have been converted from a suit by executory process, into an ordinary hypothecary action to have the slaves decreed to be subject to the mortgage and applied to the payment of the alleged debt, the defendant, *Dick*, has shown any right to such relief. No judgment has been asked against *Dick* personally, either in the court below, or in this court.

It is evident that the seizing creditor had no right to proceed by order of seizure and sale. The so called mortgage was not an authentic act.* Civil Code, art. 2231. 3 La. 419. 11 Martin, 245.

Admitting that the strange and anomalous instrument, which the defendant calls a mortgage, would have the effect of creating a mortgage upon the slaves, upon which point we express no opinion, still there is no evidence before us, enabling us to say whether the conditions have been fulfilled, upon which alone the grantee, *Dick*, would have a right to resort to a sale of the property, by a judicial proceeding.

The judgment of the court below is therefore reversed ; and it is further decreed that the injunction of the plaintiff be maintained, and that the suit of the said *Dick*, against the said *Livingston*, be dismissed, as in case of non-suit ; the said *Dick* paying all the costs of the court below, and of this appeal.

---

* This instrument was a conveyance of slaves to *William Dick* and *Robert Watson*, as trustees, to secure the payment of certain enumerated debts due by *Aaron Livingston*. The act recites that *Watson* and *Dick*, "or either of them, shall, upon the request, in writing, of any of the creditors above specified, or upon the written request of any person into whose hands any of the above claims may come, if the same be not paid within six months from and after any of said claims become due, seize upon such number of said negro slaves as will be sufficient to satisfy such debt or debts, &c., and sell at public auction in the town of Monroe, for cash or credit, as the said creditor or creditors may direct; provided, however, that ten days notice of the sale be given," &c. The conclusion of this instrument and the certificate of the parish judge, are in the following words :

"In testimony whereof I have hereunto annexed my hand and seal, this      day of      , 1841.

|  |  |  |
|---|---|---|
| Witness, | AARON LIVINGSTON, |  |
| JOHN RAY, | his | { Seal. } |
| W. J. Q. BAKER, | WILLIAM ⋈ DICK, for self and | |
|  | mark. |  |
|  | as agent for Robert Watson. |  |

The above act was signed in my presence by both the above parties and also the above signed witnesses, for the purposes therein contained, and I, the undersigned parish judge, have also signed the same, on this 26th day of February, 1841. In faith whereof I have hereto signed my name, and affixed my seal of office.          LEWIS F. LAMY, Parish Judge."

There was no statement in the body of the instrument of the day or month of its execution.