SOPHIE *v.* DUPLESSIS et al.

The decree of a Probate Court ordering a will to be executed, does not amount to a judgment binding on those who are not parties to it ; and when the will is offered as the title in virtue of which property is claimed or withheld, its validity may be enquired into. The admission of a will to probate, and the order for its execution, are mere preliminary proceedings, necessary for the administration of the estate. *Per Curiam :* Nor are we prepared to say that the mere order of a judge for the execution of a will, has the effect of a judgment binding on those at whose instance it was made, so far as to conclude them from subsequently contesting the validity of the will, unless, at the time of the probate, its validity was expressly put at issue.

The only requisites for the validity of a nuncupative testament under private signature are prescribed by arts. 1574, 1575 of the Civil Code. It is not necessary to the validity of such a testament, that it should be dated, or should mention the place at which it was executed. The date and place of execution may be shown by evidence at the time of its probate.

It is not necessary that a nuncupative will under private signature should exhibit, on its face, evidence that all the formalities essential to its validity have been complied with. It is unnecessary to mention in such a will the fulfillment of any formalities; it is sufficient to establish, when the will is offered for probate, by evidence *dehors* the instrument, that the formalities required by law have been observed. It is not even necessary that the names, or places of residence, of the witnesses to such a will should appear in the instrument.

Where a party claims her freedom under the provisions of a will, she must show that it has been properly admitted to probate, and its execution legally ordered, on proof of its having been made in the form and manner required by law. Where the evidence shows that the will wss admitted to probate on insufficient proof, but there is no proof that it is defective from the omission, at the time of making it, of any formality essential to its validity, there will be only a judgment of nonsuit, as the plaintiff may still be able to supply the defect of proof.

In a suit for freedom against the heirs of a succession, plaintiff offered in evidence as an acknowledgement of her right to recover, an act of partition, signed by some of the defendants, but not by all, and which was not signed by the parish judge. The only clauses in the act, intended for the benefit of the plaintiff, purported to be donations made to her of certain undivided interests in the succession, for the purpose of en-

abling her to acquire her and her children's freedom: *Held*, that the act being invalid as a donation (C. C. 1523), even if in other respects binding on the parties who had signed it, cannot conclude the defendants.

SOPHIE
*v.*
DUPLESSIS.

APPEAL from the District Court of Plaquemines, *Rousseau*, J. The facts of this case are stated in the opinion *infrá*.

*Lombard*, for the plaintiff. The order for the execution of a will is a judgment which, though rendered on insufficient evidence, must have full force until reversed. *Legendre* v. *McDonogh*, 6 Mart. N. S. 514. *Fulton* v. *Welsh*, 7 Mart. N. S. 257. *Clark* v. *Barham*, 4 Mart. N. S. 411. Such a judgment cannot be attacked collaterrally. *Psyché* v. *Paradol*, 6 La. 377. *Broussard* v. *Bernard*, 7 La. 223. *Kilgour* v. *Ratliff*, 2 Ib. N. S. 292.

*Ross*, for the appellants. The act of partition was never perfected. It can have no effect as a donation. C. C. 184. Bullard & Curry's Dig. pp. 428 to 430, nos. 4, 8, 14. A date is essential to a nuncupative will, because the precise time at which the testator makes his will is material. He must be of sound mind. Arts. 1461, 1456. Pothier, Testaments, art. 1, ch. 11, p. 531. The place is essential in nuncupative testaments, because it is material to know whether the witnesses reside in the place where the will is made. The place is the parish. Arts. 1578, 1574. Where it does not appear that the witnesses reside in the parish, it is presumed they reside out of it. In this case, it does not appear that a greater number of witnesses could not be had. Art. 1576. The will is signed by five witnesses, and their residence does not appear ; the judge reports, that the four first reside in the parish of Plaquemines, and the last in the city of New Orleans. It does not appear, however, that that was their actual residence at the time the will was made. In which parish was the will made ? The want of the formalities to which testaments are subject, renders a will null and void. Art. 1588. Benj. & Slidell's Dig, p. 194, nos. 2, 30, 42, 44. " The object of these ceremonies is to prevent impositions being practised on men in their last moments." 5 La. 396.

The admission of a will to probate and the order for its execution are only preliminary proceedings necessary for the administration of the estate, and do not amount to a judgment binding on those not parties to them. 10 Rob. 196. See also 1 Rob. 196. 9 Mart. 90. 12 Ib. 263, 503. 3 Mart. N. S. 376. 11 La. 385. 12 Ib. 214. The case in 18 La. 552, and that in 5 La. 387–395, which declares that "no other tribunal can examine into the correctness of the proceeding by which a will is probated" than the one by which it was admitted to probate, relate to cases where the " genuineness of the execution of the will" is contested. See 9 Mart. 90, before cited. 4 Mart. N. S. 413. 3 Ib. N. S. 461.

The judgment of the court was pronounced by

KING, J.* The plaintiff claims her liberty in virtue of a nuncupative testament under private signature, made by her former owner, *Martin Duplessis*, a free person of color. The defendants contend that the will is null : 1st. Because it is without date. 2dly. Because it makes no mention of the place where it was received. 3dly. Because the place of residence of the witnesses is not stated in the instrument. There was a judgment for the plaintiff in the court below, and the defendants have appealed.

The will was admitted to probate in the parish of Plaquemines, where the testator died, and upon proof being made, which was satisfactory to the judge, its execution was ordered. The plaintiff contends that this judgment, standing as it does unreversed, cannot be attached collaterally, and that the testament can only be declared null in a direct action. It has been repeatedly held by the late Supreme Court, and may be considered a well settled point, that the decree of the Probate Court ordering a will to be executed, does not amount to a judgment binding upon those who are not parties to it; and that, notwithstanding

* EUSTIS, C. J., absent.

such order, when the will is offered as the title in virtue of which property is claimed or withheld, its validity may be enquired into. In the case of *O'Donegan* v. *Knox*, 11 La. 388, it was held that admitting the will to probate and granting an order for its execution, were only preliminary proceedings, necessary for the administration of the estate, and not a judgment binding on those who were not parties to them. The principle was subsequently reiterated in the cases of *Robert* v. *Allier's agent*, 17 La. p. 14 ; *Rachal* v. *Rachal*, 1 Rob. 116 ; and *Succession of Duplessis*, 10 Rob. 196.

We are not prepared to say that the mere order of the judge for the execution of a will has the effect of a judgment, binding even upon those at whose instance it was made, so far as to conclude them from subsequently contesting the validity of the will, unless upon the probate the question of its validity was expressly put at issue. It consequently becomes necessary to enquire into the alleged nullities.

The will commences: "Aujourd'hui le vingt-trois de l'année mille huit cent trente trois, sur son habitation, *Martin Duplessis* desirant," &c. No other date or place of making the will is mentioned in the instrument, than those stated in this clause. It is contended that the omissions constitute fatal defects. The only requisites for the validity of a nuncupative testament under private signature, are prescribed in articles 1574 and 1575 of the Code, and among these the date and place where it is passed are not enumerated. It is expressly declared that such testaments are subject to no other formality than those declared in those articles ; and courts can require the observance of no others. Reasons have been suggested why it is important to fix the date of the testament, and place where it was received. The facts may be shown by evidence on the probate of the will. The principle invoked by the defendants, that a will must exhibit, upon its face, the evidence that all the formalities required for its validity have been fulfilled, has no application to nuncupative testaments under private signature. Such testaments are not required to make full proof of themselves, and the observance of formalities which do not appear upon the face of the will, may be shown by testimony *dehors* the instrument. In the case of *Falkner* v. *Friend*, the late Supreme Court held that in nuncupative wills under private signature it is not necessary to mention the fulfilment of any formalities; that it is sufficient, if, when the will is probated, they appear to have been observed ; and such, we think, is the spirit of the Code. 1 Rob. 48.

It is true that it is necessary that a will of this kind should appear to have been received in the presence of five witnesses; but it is not indispensable that their names or residences should be stated in the act. In the case of *Bouthemy* v. *Dreux*, 12 Mart. 639, decided under dispositions of the old Code similar to those of the new, it was held not to be necessary, in a will of this kind, that their names should appear in the instrument; and in the case of *Falkner* v. *Friend*, the objection was formally made, that the will did not appear to have been executed in the presence of *five witnesses residing in the place*, and the omission was held to be immaterial. Proof of the place of residence on the probate of the will, was deemed sufficient.

Although the evidence before us is not such as to show that the will is defective, the plaintiff can only avail herself of it as the foundation of her claim to her liberty, upon adducing proof that it has been admitted to probate, and that its execution has been legally ordered. This, in our opinion, she has failed to do. The five witnesses who attested the will, appeared before the probate

judge. Four of them are stated in the *procès-verbal* and decree to be of the parish of Plaquemines, and the fifth of the city of New Orleans. It is essential to the validity of the nuncupative will, under private signature, that it be executed in presence of five witnesses residing in the place where the will is received, or of seven residing out of the place. C. C. 1574. An exception is established in regard to wills executed in the country, for whose validity it is sufficient if they be received in the presence of three witnesses residing out of the place, provided a greater number cannot be had. C. C. art. 1576.

The residences of none of the witnesses at the time when they attested the will in question, has been shown. It was indispensable that this fact should have appeared, either upon the face of the instrument or by the testimony at the probate, that the judge might determine whether the will was properly attested. The evidence adduced before the judge has not established the execution of the testament with the forms required for the validity of a will of this kind, passed either in a town or in the country, and was clearly insufficient to authorise the order for its execution.

The plaintiff's rights, however, have not been concluded by this failure to administer the necessary proofs, particularly in a proceeding to which she was no party. It has not been shown that any formality has been omitted, essential to the validity of the will; and, in the absence of such proof, we are not authorised to pronounce its nullity. The plaintiff may still be able to supply the present defects of proof, by showing that the witnesses all resided in the parish in which the will was made; or, if they did not, that a greater number could not be procured by the exercise of reasonable diligence. Until proof is administered of every fact necessary to establish the validity of the will, its execution can not legally be ordered; and until such order, the plaintiff can not avail herself of the will as a title to her freedom.

The plaintiff further contends that, the defendants have acknowledged her right to her freedom, in an act of partition attempted to be made by the defendants. That act was never perfected. It was signed by several of the defendants, but not by the others. It was never signed by the parish judge, and wants the authenticity of a public act. The only clauses in that instrument, intended for the benefit of the plaintiff, purport to be donations made to her and several of her children, of certain undivided interests in the succession of *Martin Duplessis,* for the purpose of enabling them to acquire their freedom. As a donation, the act is clearly invalid, even if it have any binding force whatever, in other respects, between such of the parties as have signed it. C. C. art. 1523.

The only judgment that can be rendered in the present state of the evidence, is one of non-suit. It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that there be judgment against the plaintiff as in case of non-suit, she paying the costs of both courts.