No. 6269.

### In the Matter of Mary Ann King, Wife of H. W. King, vs. John P. Vairin et al.

The judge of the court below was unquestionably right in admitting the testimony of Armstrong, one of the subscribing witnesses to the will in controversy. Nuncupative wills by public act, in order that their execution may be ordered, do not require to be proved; for that purpose they make full proof of themselves. But to say that, after being proved, they can only be attacked upon the ground of forgery, is to say that the forms of these instruments, which are sacramental, can never be inquired into.

If article 1578 of the Code be applied to the instrument in evidence, it will follow that the requirements of the law were not complied with, and that it is therefore null as a nuncupative will by public act.

The *proces verbal* of the notary shows that the instrument was drawn up in the presence of three witnesses. The nuncupative testament under private signature must be written by the testator himself or by any other person from his dictation, or even by one of the witnesses, in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of the place, or it will suffice if, in the presence of the same number of witnesses, the testator presents the paper on which he has written his testament or caused it to be written out of their presence, declaring to them that that paper contains his last will.

It is evident that the will in question is neither valid as a will by public act, nor by private act.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. Bentinck Egan*, for plaintiff and appellee. *Charles Louque* and *Julien Michel*, curators *ad hoc*, for defendants and appellants.

Morgan, J. This suit is instituted by one of the legal heirs of John Martin to annul a nuncupative will by public act, alleged to have been made by him, and which has been admitted to probate

The defendants answer by denying that plaintiff is the heir at law of John Martin; they deny that the will is invalid; and aver that even if the same is not good as a nuncupative will by public act, it is valid under the form of a private act.

That the plaintiff is a legal heir of the testator is established.

The will recites that before the notary and in the presence of the witnesses thereinafter named, personally came and appeared John Martin, of this city, a person of lawful age, of sound mind and memory, who expressed to me, notary, his desire to make his last will and testament, and where at his request and at his dictation, and within the presence and hearing of Andrew J. Armstrong, Charles D. Stewart, and James F. Griffen, witnesses of lawful age, and residing in this city, *the following instrument was written by me, notary, and declared by the said John Martin* to be his last will and testament.

The testimony of Andrew J. Armstrong shows that he wrote the will of John Martin; that the one filed in court is a copy of the original written by himself; that he was one of the subscribing witnesses to the will; and that no part of it was written by the notary.

"The nuncupative testament by public act must be received by a notary public in presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place. It must be dictated by the testator, and written by the notary, as dictated. It must be read to the testator in presence of the witnesses. Express mention is to be made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts." R. C. C. 1578.

Defendants objected to the reception of the evidence of Armstrong, and rely in support of their objection upon the 1647th article of the Civil Code, which declares that "nuncupative testaments received by public acts do not require to be proved that their execution may be ordered; they are full proof of themselves, unless they are alleged to be forged." The judge of the district court was unquestionably right in admitting the testimony. Nuncupative wills by public act, that their execution may be ordered, do not require to be proved; for that purpose they make full proof of themselves. But to say that after being proved they can only be attacked upon the ground of forgery is to say that the forms of these instruments, which are sacramental, can never be inquired into.

If we apply to the instrument before us the article 1578 of the Code, as we must, it follows that the requirements of the law were not complied with, and that it is therefore null as a nuncupative will by public act.

But defendants aver that if not good as a public act, it is valid under the form of a private act. The process verbal of the notary shows that the instrument was drawn up in the presence of three witnesses. The nuncupative testament under private signature must be written by the testator himself, or by any other person from his dictation, or even by one of the witnesses, in presence of five witnesses residing where the will is received, or of seven witnesses residing out of the place; or it will

suffice if, in the presence of the same number of witnesses, the testator presents the paper on which he has written his testament, or caused it to be written out of their presence, declaring to them that that paper contains his last will. C. C. 1581.

It is evident that the will in question is neither valid as a will by public nor by private act.

Judgment affirmed.