MONROE, J.
It appears from the petition and “return,” herein filed, that Miss McDermott died on December 16, 1913, leaving a considerable estate, and leaving, also, two wills and a codicil, all nuncupative in form, by public acts, the one will, executed August 4, 1912, the other, September 12, 1912, and the codicil, July 8, 1913. By the first will Messrs. Thomas Gilmore and others were named as universal legatees and Thomas Gilmore, executor; by the second will a different disposition was made of the estate, and Messrs. Hugh McCloskey and Wm. P. Burke were named as executors; and the codicil, making some change in legacies, otherwise confirms the dispositions of the second will. The first will was filed .for probate in the Civil District Court of New Orleans on December 17, 1913; the second will and codicil on the following day, in the forenoon. Under the rules of that court all suits and proceedings, independent of others already filed, are distributed among the different divisions of the court by allotment, which is made at 12 o’clock of each day; and the succession of Miss McDermott fell by the allotment made at 12 o’clock, December 18th, to division B, presided over by Hon. P. D. King, to whom the two wills and codicil here in question were presented at that time, together with petitions praying that they be enregistered and ordered executed. The learned judge made the order with respect to the will of September 12, 1912, and the codicil, of July 8, 1913, but declined to make such order with respect to the will of August 4, 1912, whereupon Thomas Gilmore and others named in that will presented to this court the petition which we are now considering, praying for writs of certiorari, prohibition, and mandamus, prohibiting the judge from further proceeding with the execution of the will of September 12, 1912, and the codicil, and commanding him to rescind his order for such execution, and to make an order for the registry and execution of the will of August 4, 1912. The petition alleges that relators protested in advance against the action taken by the respondent, on the grounds, as verbally stated to him, that the testatrix was unable, mentally and physically, to make the last-dated will and the codicil, and—
“because of the duress, constraint, and the fraudulent obsession and practices exercised upon her by certain persons, who practically held her under constraint and in their custody, and because the formalities required by law, in the confection of a will of that character, were not observed, but were absolutely violated and disregarded, in spite of their protest.”
By way of answer and return to the order nisi issued from this court, the judge, made respondent, says, in effect, that his action was within the authority and discretion vested in him, and is not reviewable in this form of proceeding; that all the instruments presented to him are of that character which the law declares makes full proof, of themselves, and that the testatrix in the will of September 12, 1912, declares that she revokes all previous wills, for which reason he ordered that it be executed, and refused to order the execution of the will which it revoked, but that relators have their remedy, and may, in a direct action, set up and litigate all the matters set forth in their petition.
The return, we think, is sufficient. The law provides that:
“If the will be made by a public act, it shall be sufficient for the petitioner to annex a copy of it in due form to his petition, and to pray for the execution and recording of it.” C. P. 930.
That:
“Nuncupative testaments, received by public acts do not require to be proved, that their execution may be ordered; they are full proof of themselves, unless they are alleged to be forged.” G. C. 1647.
*351 That:
“The revocation of testaments by the act of the testator * * * is express when the testator has formally declared in writing, that he revokes his testament * * * ” O. C. 1691.
Even the allegation of forgery only serves to open the door for proof, and the nuncupative will by public act must he deemed proved, until disproved. Succession of Block, 131 La. 101, 59 South. 29. The ex.parte order in such case for the enregistering and execution of the will is only a preliminary proceeding, necessary for the administration of the estate, and is not a judgment binding on those who are not parties to it. O’Donogan v. Knox, 11 La. 388; Sophie v. Duplessis, 2 La. Ann. 726. It is true that the proponent must demand that the will propounded by him be admitted to probate, in order to establish a basis for the assertion of a right thereunder. As, for instance, where one desires to claim an estate and must rely upon the will as his muniment of title; but the judge is to determine, as a matter of judicial cognizance and discretion, whether the demand should be complied with — whether the will has been proved — whether the evidence shows that it has been revoked, and his action in the premises is not reviewable by either certiorari, prohibition, or mandamus. Garland’s Code of Practice, art. 830, p. 629, B. No. 9; Succession of Eubanks, 9 La. Ann. 149; Succession of Benton, 106 La. 495, 31 South. 123, 59 L. R. A. 135; Noullet v. Acme Lumber Co., 115 La. 893, 40 South. 301. The relators in this case have an ample remedy by some other form of proceeding, and appeal. .
The rule nisi herein issued is therefore discharged, and this proceeding is dismissed, at the cost of the relators, without prejudice to their right to litigate the matters herein set up in some other form of proceeding, as they may be advised.
PROVOSTY, J., takes no part.