168 So. 753

RENFROW et al. v. McCAIN.

No. 33861.

May 25, 1936.

Olin D. Moore, of Many, and Malcolm E. Lafargue, of Shreveport, for appellants.

Harry V. Booth and H. B. Lingle, both of Shreveport, for appellee.

FOURNET, Justice.

This is an action by the collateral heirs of G. M. McCain, deceased, to have declared null and void his nuncupative will by public act and the proceedings probating the will on the following grounds:

First. The will was not written by the notary public as it was dictated.

Second. The testator lacked testamentary capacity at the time of the confection of the will due to the fact that he was feeble, and in a comatose condition as the result of his illness.

Third. The signature to the will is not the signature of the testator.

The defense is a general denial. There was judgment on the merits in favor of defendant, dismissing plaintiffs' suit. The plaintiffs have appealed.

We shall dispose of the grounds of attack made on the will in the order hereinabove enumerated.

The first attack is leveled at the formalities required in the execution of a nuncupative will by public act in that they were not followed and that the will does not express the exact wishes of the testator.

"There is no other formality in the execution of a nuncupative will by a public act than those enumerated in Revised Civil Code, art. 1578." Succession of Murray, 41 La.Ann. 1109, 7 So. 126, 128. And it is the well-settled jurisprudence of this state that the mere fact that a nuncupative will by public act contains words which were not dictated by the testator will not affect the validity, when it is shown that the notary lucidly expressed the testator's intentions, and that he faithfully recorded those intentions in the will. Martha A. Starrs v. W. R. Mason, 32 La.Ann. 8. See, also, Raphael Landry et al. v. Eugénie Tomatis et al., 32 La.Ann. 113; Succession of Cauvien, 46 La.Ann. 1412, 1416, 16 So. 309; Hennessey's Heirs v. Woulfe, 49 La.Ann. 1376, 1387, 22 So. 394; Rostrup v. Succession of Spicer, 183 La. 1087, 165 So. 307.

Counsel for plaintiff argued before this court and in brief that the witnesses to the will and others who were present when the will was executed testified that the testator, upon being asked by the notary what disposition, if any, he wanted made of his property after his death, stated that he first wanted his debts paid and the remainder of his estate, after the payment of $100 to a half-brother, John Compton, to go to the defendant, Floyd W. Dodds McCain, but none testified that the testator dictated that portion of the will making the defendant the executor of the will, with seizin and without bond, and appointing H. B. Lingle, attorney at law, to represent the estate and those to whom

bequests were made in the will, and, therefore, the will is null and void.

A review of the evidence shows that there was not a single question propounded by either counsel for plaintiff or defendant as to whether or not those parts of the will were inserted without having been dictated by the testator. On the other hand, Mr. L. E. Plaisance and the defendant both testified that the notary wrote the will as it was dictated by the testator, and all the witnesses, who were present at the time of the execution of the will, stated that after the will had been written, it was read aloud by the notary to the testator, and when asked by the notary whether the will expressed his wishes as dictated, his answer was that it did and he then signed it. The record is barren of any direct proof that the notary inserted those clauses in the will without having been dictated to him by the testator.

■ "The recitals of a nuncupative will by authentic act must be considered as proved until disproved." Succession of Block, 131 La. 101, 59 So. 29, 30. The plaintiffs have signally failed to show that the clauses under attack were not dictated to the notary by the testator.

■ Another point raised under the first ground of attack was that the closing paragraph in the will reads: "Thus done, read and signed at my office in Caddo Parish, State of Louisiana, * * *" when in truth and in fact the will was executed and written while the testator was confined to his bed at the home of the defendant, several miles from Shreveport, where the notary's office is located. This counsel for plaintiffs contend strikes the will with nullity.

This court said in the case of George Keller et al. v. James McCalop et al., 12 Rob. 639, that, "We are unaware of any law declaring, on pain of nullity, that the acts of a notary are to be passed at any particular place within the parish for which he is appointed," and we may add that we are unaware of any requirement, under the penalty of nullity, that the notary must specify the exact place or location in the parish where the will was confected. The requirements of article 1578 of the Revised Civil Code are exclusive.

We think the insertion of the phrase "at my office" is a mere accidental phrase and does not in any manner affect the testamentary dispositions.

In support of the second ground of attack, i. e., the testator lacked testamentary capacity at the time the will was drawn, plaintiffs rely upon the testimony of Dr. H. B. Doles, the attending physician during the last illness of the testator, Mr. E. L. McCain, one of the plaintiffs, and Mr. T. B. Little.

The testimony of Dr. Doles shows that he visited the testator, who was in bed with pneumonia at the defendant's home, on the morning of March 30, 1935, about 9 o'clock a. m.; that his respiration was good and he, therefore, showed good resistance and strength; that his temperature was about 103 degrees; that he thought the testator was in a stupor and, in his opinion, unable to transact any busi-

ness on that morning. While under cross-examination the doctor testified in effect that if it could be shown—and we feel that it was shown by defendant's witnesses—that an hour or so after he left the testator had walked to his bathroom unassisted and that about 12:30 p. m. on the same day he drank buttermilk and chicken broth and ate pie, that he probably was able to transact business at 4 o'clock of that day. He also admitted that if the testator had been given a narcotic before 7 o'clock on the morning before his arrival, the stupor in which he found the testator upon his arrival was due to the effects of the narcotic.

The testimony of E. L. McCain shows that he only visited his uncle on the Monday afternoon after the Saturday on which the will was executed, and that he was in a comatose condition at that time. His testimony is contradicted in every detail by the nurse who was present at the time of his visit and also by that of the doctor who testified that on that day, both in the morning and in the afternoon, the testator was improved and his mind clear.

The testimony of Mr. T. B. Little shows that he transacted some business with the defendant and about noon he was introduced to the testator who acknowledged the introduction by saying he was glad to meet him.

■ We think the evidence offered by the plaintiff, even if permitted to stand uncontradicted, was insufficient to carry out the burden of proof that is theirs, and, therefore, failed to establish that the testator's condition was such at the time of the confection of the will that he was incapable of making a will. Moreover, the testimony of defendant's witnesses, including that of the notary public and the three witnesses to the will, completely refutes any doubt as to the competency of the testator at that time.

■ This brings us to the last issue raised by the plaintiff, that is, that the signature affixed to the will is not that of the testator.

There is no suggestion on the part of the plaintiff that the signature is a forgery, but merely that the signature is different from testator's ordinary signature, and, in order to prove that fact, offered certain documents acknowledged by the testator prior to his illness. That evidence we think could have no other effect than to show the physical condition of the testator at that time and does not affect the genuineness of his signature.

For the reasons assigned, the judgment of the lower court is affirmed.

O'NIELL, C. J., absent.