245 So.2d 319 (1971)
257 La. 1086
Succession of Inez Smithson GORDON.
Eula Gibson McCULLOUGH, Administratrix,
v.
Mrs. Cecil M. BRIDGES.
No. 50525.
Supreme Court of Louisiana.
February 24, 1971.
Rehearing Denied March 29, 1971.
Nelson & Evans, William C. Clark, for defendant-applicant.
Horace M. Bickham, Jr., Vivian, for plaintiff-respondent.
BARHAM, Justice.
This is a suit for declaratory judgment to determine the validity of a will, brought by the administratrix of the succession of *320 the testatrix, Mrs. Inez Smithson Gordon, on behalf of the decedent's only heirs, all collaterals, against the legatee. The Second Circuit Court of Appeal reversed the judgment of the district court and declared the will invalid. 233 So.2d 54. We directed certiorari to that court.
The will in question, which follows the statutory will form of R.S. 9:2442, reads as follows:
 "STATE OF LOUISIANA |
 > "KNOW ALL MEN BY THESE PRESENTS:
 "PARISH OF CADDO |
 "That before me, the undersigned authority and in the presence of the undersigned
 competent witnesses came and appeared Mrs. Inez Gordon, who did state
 and declare that she makes this her last will and testament, revoking all others
 which might have been written by her before this time, and that after her death,
 she wills and bequeaths the following disposition of her estate:
 "FIRST, she desires that all of her just and legal debts be paid.
 "SECOND, she leaves, wills and bequeaths unto her friend, MRS. CECIL M.
 BRIDGES of Leesville, Vernon Parish, Louisiana, the following membership
 certificates of the First Federal Savings and Loan Association, Shreveport,
 Louisiana:

 Number Date Amount
 771 July 5, 1945 $1,000.00
 1291 June 27, 1947 1,000.00
 1444 Sept. 5, 1947 3,000.00
 2711 Sept.28, 1950 5,000.00

 in the total amount of $10,000.00.
 "All of this have been written on the instructions of the testator, and after it
 was written, the testator, the two witnesses and the Notary Public gathered
 together in the office of Charles L. Barnett and the will was read aloud by
 the Notary Public in the presence of the testator and the witnesses, after which
 the testator stated that it was her last will and testament prepared
 (s/d) Mrs. Inez Gordon
 [2nd page]
 in accordance with her instructions and as she desired, after which the testator
 signed the will, each of the two witnesses attesting his signature and the
 Notary Public signed the will and affixed his seal, each one witnessing the
 signatures of each of the others and all without turning aside to other things
 at Shreveport, Caddo Parish, Louisiana on October __, 1966.
 "WITNESSES:
 (s/d) "Elizabeth L. Sessions
 (s/d) "Mrs. Inez Gordon
 (s/d "Tom P. Williams "MRS. INEZ GORDON
 (s/d) "Charles L. Barnett
 "CHARLES L. BARNETT
 "Notary Public"
The question presented for determination is whether the omission of the day of the month in the attestation clause invalidates the will. The Court of Appeal concluded *321 that a date certain is a mandatory requirement of the statutory will, and that because of the omission of the day this will fail to meet the standard of substantial compliance with the form required of statutory wills.
R.S. 9:2442, which establishes the statutory will, provides:
"In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
"(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. * * *
"(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
"(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: `Signed on each page * * * and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this ________ day of__________, 19___.'" (Emphasis supplied.)
We have held that the will created under this statute is based on the common law rather than the civil law. Succession of Morgan, decided Dec. 14, 1970, 257 La. 380, 242 So.2d 551. Few statutes in any of the common law states providing for any form of will require a date, and the Statute of Wills and the Statute of Frauds in England were silent on the subject of date. See L.R.A. 1916E 499; 6 A. L.R. 1455. Under common law it is not necessary that a will bear a date unless there is a specific statutory requirement, and an erroneous date does not invalidate such an instrument. 2 Bowe-Parker: Page on Wills § 19.7; Atkinson, Wills (2d ed. H.B.1953) § 62; 57 Am.Jur. Wills § 223; 94 C.J.S. Wills § 168. Therefore, in accord with the jurisprudence in the jurisdictions from which came the source of our statutory will, the will need not be dated unless there is express requirement within our statute mandating an inclusion of a date. Moreover, were we to resort to a civilian approach for a determination of this issue, we find nothing to cause us to reach a contrary result.[*]
*322 This court said in Succession of Morgan, supra:
"All of the formal requisites for the composition of our statutory will must be observed; otherwise the instrument is null and void. There must be an attestation clause, or clause of declaration. However, its form is not sacrosanct: It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument. See Succession of Eck, 233 La. 764, 98 So.2d 181; Succession of Nourse, 234 La. 691, 101 So.2d 204. In Succession of Thibodeaux, 238 La. 791, 116 So.2d 525, we reiterated a basic principle of construction of wills, that the validity of a will is to be maintained if possible. In construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity."
Examining the statute we find that paragraphs (1) and (2) and the first sentence of paragraph (3) contain the mandatory substantive requirements for a valid statutory will. The last sentence of paragraph (3) contains a suggested form for evidencing that the substantive requirements for the confection and execution of the statutory will have been complied with. The fact that the suggested form provides *323 for the inclusion of a date does not make mandatory the dating of the statutory will. Certainly it is not only desirable but legally advantageous that this type of will and all wills be dated. It is advisable that a will be dated to show the order of execution if more than one will has been executed by the testator or in the event of an attack upon the capacity of the testator to make the disposition. Such a date, however, may be established for the statutory will by ordinary proof when and if proof of it is needed.
It is our conclusion that R.S. 9:2442 does not require a date in the testament there provided for, and that the will in contest is valid.
The judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated.
McCALEB, C. J., and SUMMERS, J., concur in the decree.
DIXON, J., recused.
HAMLIN, Justice (concurring).
I respectfully concur. In so doing, I have noted that there is no contention made that another will of decedent exists.
SANDERS, Justice (dissenting).
As correctly noted in the majority opinion, a date for a will is unnecessary, unless the pertinent statute requires it. The majority, however, erroneously concludes that the Louisiana Statutory Will requires no date. The error, in my opinion, results from looking primarily to the common law for guidance, without noting that no attestation clause at all is required in the common law. See Atkinson on Wills (2d ed.) § 73, p. 346. When, as here, the Legislature has expressed its will in a statute, the proper approach to any question concerning its subject matter is to look first to the statute. If the statute is clear, resort to an extraneous body of law is unwarranted. LSA-C.C. Arts. 1, 13; State v. Maestri, 199 La. 49, 5 So.2d 499; Ramey v. Cudahy Packing Co., La.App., 200 So. 333.
The statute[1] reads as follows:
"The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: `Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this __________ day of__________, 19___.'"
Under the statute, the attestation clause is mandatory. The word shall in the first sentence sets the tone for the entire paragraph. LSA-R.S. 1:3
It is true, as noted by the majority, that the word may appears in the sentence pertaining to the declaration. However, the sentence should be construed in this manner:
"Such declaration may be in [either] the following form or a form substantially similar thereto."
Clearly, the statutory form calls for the day, month and year of execution. The question presented is whether a declaration without the day of the month is substantially similar to the declaration in the statute. I think not.
In Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281, dealing with an olographic will, this Court said:
"The date, in its ordinary sense, imports the day of the month, the month, *324 and the year. * * * The will must be dated, and the month, without the day, is no date."
As emphasized in that decision, the date narrows the scope of inquiry on such issues as sanity, revocation by later will, compliance with formalities, and forgery.
In passing upon a statutory will, in Succession of Michie, 183 So.2d 436, the Court of Appeal aptly stated:
"The purpose of the statutes prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud, or deception, and to afford a means of determining their authenticity and to prevent the substitution of some other writing in place thereof. And, however harsh the application of the rule may appear in a given instance, such fact does not justify any deviation therefrom since any material relaxation of the statutory rule will open up a fruitful field for fraud, substitution, and imposition. Soileau v. Ortego, 189 La. 713, 180 So. 496 (1938)."
In 31 La.L.Rev. 223, Professor Carlos Lazarus commented:
"The statute itself leaves no doubt that in order to be valid, the statutory will must be drawn in substantial conformity with the form established by the statute, among which is the requirement that the will show the day, month, and year, in which it was executed." [p. 229]
"[T]here is no mistake or ambiguity in requiring a complete date for validity thereof in the legislation pertaining to the statutory will." [p. 231]
In a comprehensive article on the statutory will in 28 Tul.L.Rev. 288, 295, Mrs. Louise Korns wrote:
"It is well settled that omission of a date or an attestation clause are not fatal to the validity of the ordinary statutory will at common law. In case the attestation clause is left out, due execution of the will is evidenced by the mere fact that the witnesses have signed it. However, in the Louisiana statutory will both an attestation clause and a date appear to be essential, and hence if one or both are left out, the will would probably be held invalid."
Despite the circumstance that the general concept for this type of will came from the common law, our Legislature has not only the right but the duty to fashion the testamentary safeguards in keeping with the best interest of our state. It has done so in unmistakable terms. In my opinion, the Court of Appeal correctly applied the statute, and its judgment should be affirmed.
For the reasons assigned, I respectfully dissent.
NOTES
[*] Only one of the forms of testaments provided in the Louisiana Civil Code is required by express language of the Code to be dated. That is the olographic testament, La.Civ.Code Art. 1588. The other three typesthe mystic or secret testament, Arts. 1584-1585; the nuncupative testament by public act, Arts. 1578-1580, and the nuncupative testament by private act, Arts. 1581-1582are not required by these provisions to contain a date. A comparison of French codal law is interesting since our Code articles establishing the olographic, mystic, and public testaments follow their source provisions of the Code Napoleon in regard to dating. The olographic testament, C.N. Art. 970, required dating, but the mystic testament, C.N. Art. 976, and the public testament, C.N. Arts. 971-972, did not require a date under the codal pronouncements. However, because the testament by public act and the superscription or notarial minute on the mystic testament were by French definition authentic acts, C.N. Arts. 971, 976, 1317, 1319, they were required to be dated in order to comply with the law of 25 Ventose Year XI regulating notaries and notarial acts. The dispositive portion of the mystic testament was not and is not required to be dated. See 3 Aubry and Rau, Droit civil francais (La.St.Law Inst. tr. 1969) §§ 670(2) and (3), 671; 3 Pt. 2 Planiol, Traité élémentaire de droit civil (La. St.Law Inst. tr. 1959) §§ 2698, 2699, 2715, 2718, and 2724. In summary, in the absence of the law requiring the dating of all notarial acts, only one testament in France was expressly required to be dated, the olographic testament. Several differences are to be noted in Louisiana. Only the nuncupative testament by public act is self-proving. La. Civ.Code Art. 1647. The superscription of the mystic testament, although authentic in form, is not self-proving. C.C.P. Art. 2885. Moreover, we did not have notarial requirements for dating when we enacted our Civil Code, nor has the Legislature seen fit since the Code's adoption to expressly require dating of either notarial or authentic acts. R.S. 35:1-625. Although it has been presumed by this writer, and apparently by many others of the bench and bar, that there was some legislative or jurisprudential mandate for dating authentic acts, there appears to be no such requirement. See dictum in Succession of Lombardo, 205 La. 261, 17 So.2d 303, and dictum in Livingston v. Dick, 1 La.Ann. 323. We do not here, however, make a pronouncement upon that subject. (We are cognizant of Civil Code Article 3.) Pertinent also is the fact that our codal provisions on authentic acts, La.Civ.Code Arts. 2234-2239, are specifically limited to contracts while their source provisions in the Code Napoleon applied to all instruments passed before a notary which were clothed with the requisite solemnities.

However, here we are not concerned with an authentic act, for the suggested attestation clause of the statutory will, though authentic in form, is not self-proving. C.C.P. Art. 2887. In connection with the statutory will, it is most interesting to note that Civil Code Articles 1581 and 1582 establishing the nuncupative testament under private signature, which of course is not authentic (even in form), do not expressly require a date, and contain this final clause: "This testament is subject to no other formality than those prescribed by this and the preceding article." Sophie v. Duplessis, 2 La.Ann. 724, directly held that a date is not required in such a testament. See also Succession of Lombardo, supra. Obviously requirements for dates in notarial or authentic acts would have no effect on the nuncupative testament under private signature, and we therefore must assume that our Code redactors intentionally created a will which did not require a date. This would appear to refute the theory that the redactors of our Civil Code failed to include dating in the forms of wills other than olographic because they relied upon the enactment of separate notarial laws for that requirement. So under the civilian concept, just as with the common law approach, we must determine only whether the law creating the will expressly requires a date, for there is no overriding general law which would make null testaments of all forms which do not bear dates. Cf. 31 La.L.Rev. 229-231 (1971).
[1] LSA-R.S. 9:2442, subpar. 3.