The opinion of the court was delivered by
Miller, J.
This appeal is from the judgment of the lower court annulling the will, olographic in form, of William Heffner, rendered in the suit of his collateral heirs seeking to set it aside. The ground of attack sustained by the judgment was that the will has no date. Omitting its dispositions the will is in this form:
“State of Louisiana,
“ Caddo parish,
“ Written
dated and signed in my own handwriting, on this day of June, 1898.
“William Heffner.”
The Oode defines the olographic will to be that written, dated and signed by the testator himself. The date, signature and the entirety of the will in the handwriting of the testator are the essentials. C. C., Art. 1588. The testament in this form carries none of the guarantees the law provides in respect to wills in the other forms pre - scribed by the Oode, to prevent forgeries. The nuncupative will by public act is written by the public officer, appointed by law for the purpose; is attested by him and the witnesses, as the expression of the testator’s wishes, dictated to the notary and signed by the testator. The nuncupative will under private signature requires witnesses and the fulfilment of other conditions required by law, to entitle such papers to credit as acts of last will. Civil Code, Arts. 1578, 1581, 1584, et seq. When the Oode comes to prescribe the olographic testament, the notary, the witnesses and all forms of authentication are dispensed with, and the requirement is that such a will to have validity must be wholly written, dated and signed by the hand of the testator. The policy of the law to secure the true representation of the testator’s wishes and guard against fraudulent wills is marked in the requisite of the testator’s handwriting, including the expression of the date when he writes the paper and-affixes the signature it bears. The date in the testator’s handwriting is part of the evidence the law requires of the verity of the instrument. If the paper is forged, the date it must bear may furnish the means of detection. On any issue of the sanity of the testator *1090 the dates indicate and restrict the period of inquiry. There are ether reasons suggested by the French authorities, all enforcing the date of the olographic will as indispensable to its validity. Napoleon Code, Art. 970; 3 Troplong, par. 1479; Coin Delisle, 542.
The date in its ordinary sense imports the day of the month, the month and the year. That is also the legal significance of the date. The day of the month is quite as much a part of the date as the month or the year. If the law requires the olographic will to be dated, the exaction extends to every part of the date. The argument to sustain this will insists with great force that on the basis of reason the will should not be held void, because of the omission of the day, readily admitting of the proof tendered and excluded by the lower court. In support of this view we are referred to the frequent use of testimony for supplying omissions in deeds, and common law authorities are cited to show that the omitted date of a will may be proved. But these authorities under a different system of law, can yield no aid in this discussion of a question, in our view, controlled by our Oode. The mandate of the Oode is positive, without and purposely without, any qualification or exception. The will must be dated and the month, without the day, is no date. The hardship of the case has prompted us, in the absence of any direct adjudication of our own courts on the point, to examine the views of the French commentators, dealing with the corresponding article of the Napoleon Oode. They disclose the reason of the law in exacting the date, and maintain the day of the month to be essential. We find the distinction drawn by them between a wrong date, which it seems has been held will not vitiate, and no date or a deficient date, which will avoid the will. But the necessity of the day of the month in the date of the olographic testament is rigidly enforced by the jurisprudence under the Napoleon Oode (see authorities cited and Paillet Manuel de droit Francais notes on Art. 970 N. C. In our own reports the Pena case (Pena vs. New Orleans, 13 An. 86), and the case of Fuentes vs. Gaines, 25 An. 85-107, are pertinent.
That the olographic will must be entirely written, dated and signed by the testator necessarily excludes proof aliunde of the essentials. The only evidence is the will itself. The testimony tendered to supply the deficiency in the will was properly excluded by the lower court.
The judgment of the lower court is, therefore, affirmed with costs.