216 So.2d 555 (1968)
John A. CONNER, Plaintiff-Appellee,
v.
MOTORS INSURANCE CORPORATION, Defendant-Appellant.
No. 2505.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
*556 Peter A. Ciambotti, Lake Charles, for defendant-appellant.
Jones & Jones, by J. B. Jones, Jr., Cameron, for plaintiff-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff Conner sues his collision insurer ("Motors") for property damage sustained by a 1965 sport coupe. The collision policy had been obtained on a four-door sedan, but an automatic coverage clause is relied upon as also affording collision insurance upon the damaged vehicle. The defendant appeals from adverse judgment.
The sole issue upon appeal is whether the automatic insurance clause applies. Under this coverage, other vehicles acquired during the policy period are automatically insured if the company insures all private passenger automobiles "owned by the named insured on the date of such acquisition".[1]
The appellant Motors contends that the automatic coverage clause did not apply to the sport coupe damaged by the wreck, because, earlier on the "date of acquisition" (March 31, 1966) of this vehicle, Conner had owned an uninsured 1963 Bel Air. He had traded the Bel Air for the sport coupe when he acquired the latter.
After a scholarly and full discussion, the trial court held that the sport coupe acquired during the policy period was automatically insured, since at the time (moment) of its acquisition the defendant Motors did insure all of his other passenger automobilesi. e., at the time of acquisition, Conner owned only the 1965 four-door sedan described as insured by the policy. (This was the only vehicle owned by Conner at the time, because he acquired the sport coupe simultaneously with giving in exchange for it the uninsured Bel Air plus a cash boot.)
*557 The trial court thus felt that the new sport coupe was automatically insured upon its acquisition no less than if Conner had paid all cash (for upon its acquisition, after the simultaneous trade of the 1963 Bel Air, the coupe was the only other car owned by Conner except for the insured four-door sedan); or no less than, for instance, if the uninsured Bel Air had been sold a day or a month earlier rather than simultaneously traded on the same date with the acquisition of the new sport coupe.
The trial court thus felt that the automatic coverage conditioned upon the company insuring all vehicles owned on the "date" of the acquisition, referred to the company's insuring all vehicles at the particular point of time at which the transaction occurred, rather than during the entire calendar day on which the transaction occurred. On the other hand, the defendant insurer's counsel argues that, by the literal terms of the policy, the company did not insure all of the vehicles owned by Conner on the date (March 31st) he acquired the sports coupe, because for a portion of that calender day (i. e., prior to the trade-in) Conner owned an uninsured vehicle.
We agree with the trial court that the latter type of technical interpretation should not apply. In the first place, a prime meaning of "date" is "the time at which an event occurs" or "a given point of time", not (as appellant suggests) the calender day on which it occurs. Webster's New International Dictionary, verbo "date" (3rd ed. 1961); Webster's Seventh New Collegiate Dictionary, verbo "date" (1961).
Further, in the connotation of ordinary speech, the reference to owning two vehicles on a given date connotes simultaneous ownership of them at the same time on that day, rather than ownership of one during only one part of the day and ownership of the other during only another part of the day. Words of an insurance policy should be construed in their ordinary and popular sense rather than in a technical sense, with ambiguities to be construed against the insurer which prepared the policy and in favor of coverage. Civil Code Articles 1947, 1957; Seguin v. Continental Service Life & Health Ins. Co., 230 La. 533, 89 So.2d 113, 55 A.L.R.2d 1014.
Thus, in explaining the purpose and application of the clause, it is stated at 7 Blashfield-Cyclopedia of Automobile Law and Practice, § 316.4 (3d ed. 1966): "Coverage of after-acquired vehicles is automatically extended under some policy provisions where all automobiles owned by the policy holder have been insured by the Company on the date of delivery [or acquisition] of the newly acquired vehicle. For automatic coverage of newly acquired automobiles to arise under such a provision, it is a condition precedent that all of insureds be covered by the Insurance Company at the time the newly acquired vehicle is delivered [acquired]." (Italics ours.)
We therefore are not persuaded by the defendant-appellant's skillful argument that the automatic insurance clause does not apply because earlier on the same calendar day ("date") of acquisition Conner did own an uninsured automobile (the subsequently traded 1963 Bel Air), so therefore the policy condition was not met that all of his other vehicles be insured by the defendant on the "date of acquisition" of a new automobile. We find the better meaning of the clause to be that the automatic coverage does apply under the present circumstances, because at the time the new automobile was acquired, Conner did not own any uninsured automobile because, at this time ("date") of acquisition, he no longer owned any uninsured vehicle (i. e., having exchanged his only uninsured car simultaneously with his acquisition of the new automobile).
In Collins v. Government Employees Insurance Company, La.App.3d Cir., 168 So.2d 415, this court interpreted the automatic insurance clause somewhat similarly. Although *558 other issues were involved, essentially we approved a construction by which a newly acquired automobile was considered covered under the clause even though an uninsured automobile had been simultaneously traded for it.
In the Collins case, the insurer had issued liability insurance on both of the plaintiff's automobiles, but had only issued collision coverage upon one. The vehicle without collision insurance was traded in on a different automobile. This new automobile was involved in an accident before the expiration of the notification period. This court held that the newly acquired automobile was covered by collision insurance through, inter alia,[2] the operation of a clause similar to the one presently at issue. The rationale of the decision was that all ambiguities must be decided against the insurer, which had drafted the policy and which could have excluded clearly the coverage had it so desired. See Lincombe v. State Farm Mutual Automobile Ins. Co., La.App.3d Cir., 166 So.2d 920, and cases cited therein.
We recognize that our interpretation of the automatic insurance clause differs from that reached by our brothers of the First Circuit. Hartzog v. Eubanks, La.App., 200 So.2d 303 (certiorari denied, 251 La. 45, 202 So.2d 656, 251 La. 50, 202 So.2d 658); Altazan v. Reed, La.App., 154 So.2d 610. However, those opinions did not discuss the reasons advanced by the trial court for reaching a different but equally reasonable view of the clause's meaning. We accept the latter as required by the rule resolving ambiguities in favor of coverage. We therefore respectfully decline to follow our brother's views, feeling them also to be inconsistent with the rationale and result of our construction of the automatic insurance clause in Collins v. Government Employees Insurance Company, cited above.
For the foregoing reasons, we affirm the trial court judgment awarding the plaintiff insured recovery under the defendant's collision insurance policy. The defendant-appellant is assessed with the costs of this appeal.
Affirmed.
NOTES
[1] The automatic coverage is contained in the "owned automobile" definition of the policy and pertinently provides as follows:

"* * * `owned automobile' means * * * (b) a private passenger farm or utility automobile or trailer ownership of which is acquired by the named insured during the policy period, provided * * * the company insures all private passenger, farm and utility automobiles and trailers owned by the named insured on the date of such acquisition * * *"
(The clause further requires notification to the company during the policy period of an election to make the policy applicable to the subsequently-acquired vehicle; there is no issue as to this notification here.)
[2] We also found coverage possible under the similar "replacement" coverage clause.