BARHAM, Justice.
This is a suit for declaratory judgment to determine the validity of a will, brought by the administratrix of the succession of the testatrix, Mrs. Inez Smithson Gordon, on behalf of the decedent’s only heirs, all collaterals, against the legatee. The Second Circuit Court of Appeal reversed *1089 the judgment of the district court and declared the will invalid. 233 So.2d 54. We directed certiorari to that court.
The will in question, which follows the statutory will form of R.S. 9:2442, reads as follows:
“STATE OF LOUISIANA “PARISH OF CADDO “KNOW ALL MEN BY THESE PRESENTS:
“That before me, the undersigned authority and in the presence of the undersigned competent witnesses came and appeared Mrs. Inez Gordon, who did state and declare that she makes this her last will and testament, revoking all others which might have been written by her before this time, and that after her death, she wills and bequeaths the following disposition of her estate:
“FIRST, she desires that all of her just and legal debts be paid.
“SECOND, she leaves, wills and bequeaths unto her friend, MRS. CECIL M. BRIDGES of Leesville, Vernon Parish, Louisiana, the following membership certificates of the First Federal Savings and Loan Association, Shreveport, Louisiana:
Number Date Amount
771 July 5, 1945 $1,000.00
1291 June 27, 1947 1,000.00
1444 Sept. 5, 1947 3,000.00
2711 Sept. 28, 1950 5,000.00
in the total amount of $10,000.00.
“All of this have been written on the instructions of the testator, and after it was written, the testator, the two witnesses and the Notary Public gathered together in the office of Charles L. Barnett and the will was read aloud by the Notary Public in the presence of the testator and the witnesses, after which the testator stated that it was her last will and testament prepared
(s/d) Mrs. Inez Gordon
[2nd page]
in accordance with her instructions and as she desired, after which the testator signed the will, each of the two witnesses attesting his signature and the Notary Public signed the will and affixed his seal, each one witnessing the signatures of each of the others and all without turning aside to other things at Shreveport, Caddo Parish, Louisiana on October_, 1966.
“WITNESSES:
(s/d) “Elizabeth L. Sessions
(s/d) “Mrs. Inez Gordon
“MRS. INEZ GORDON
(s/d “Tom P. Williams
(s/d) “Charles L. Barnett_
“CHARLES L. BARNETT
“Notary Public”
*1091 The question presented for determination is whether the omission of the day of the month in the attestation clause invalidates the will. The Court of Appeal concluded that a date certain is a mandatory requirement of the statutory will, and that because of the omission of the day this will fail to meet the standard , of substantial compliance with the form required of statutory wills.
R.S. 9:2442, which establishes the statutory will, provides:
“In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
“(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. * * *
“(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
“(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: ‘Signed on each page * * * and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this _ day of_, 19--’ ” (Emphasis supplied.)
We have held that the will created under this statute is based on the common law rather than the civil law. Succession of Morgan, decided Dec. 14, 1970, 257 La. 380, 242 So.2d 551. New statutes in any of the common law states providing for any form of will require a date, and the Statute of Wills and the Statute of Frauds in England were silent on the subject of date. See L.R.A. 1916E 499; 6 A. L.R. 1455. Under common law it is not necessary that a will bear a date unless there is a specific statutory requirement, and an erroneous date does not invalidate such an instrument. 2 Bowe-Parker: Page on Wills § 19.7; Atkinson, Wills (2d ed. H.B.1953) § 62; 57 Am.Jur. Wills § 223; 94 C.J.S. Wills § 168. Therefore, in accord with the jurisprudence in the jurisdictions from which came the source of our statutory will, the will need not be dated unless there is express requirement within our statute mandating an inclusion of a date. *1093 Moreover, were we to resort to a civilian approach for a determination of this issue, we find nothing to cause us to reach a contrary result.*
*1095 This court said in Succession of Morgan, supra:
“All of the formal requisites for the composition of our statutory will must be observed; otherwise the instrument is null and void. There must be an attestation clause, or clause of declaration. However, its form is not sacrosanct: It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument. See Succession of Eck, 233 La. 764, 98 So.2d 181; Succession of Nourse, 234 La. 691, 101 So.2d 204. In Succession of Thibodeaux, 238 La. 791, 116 So.2d 525, we reiterated a basic principle of construction of wills, that the validity of a will is to be maintained if possible. In construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity.”
Examining the statute we find that paragraphs (1) and (2) and the first sentence of paragraph (3) contain the mandatory substantive requirements for a valid statutory will. The last sentence of paragraph (3) contains a suggested form for evidencing that the substantive requirements for the confection and execution of the statutory will have been complied with. The fact that the suggested form provides for the inclusion of a date does not make mandatory the dating of the statutory will. Certainly it is not only desirable but legally advantageous that this type of will and all wills be dated. It is advisable that a will be dated to show the order of execution if more than one will has been executed by the testator or in the event of an attack upon the capacity of the testator to make the disposition. Such a date, however, may be established for the statutory will by ordinary proof when and if proof of it is needed.
It is our conclusion that R.S. 9:2442 does not require a date in the testament *1097 there provided for, and that the will in contest is valid.
The judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated.
McCALEB, C. J., and SUMMERS, J., concur in the decree.
DIXON, J., recused.

 Only one of the forms of testaments provided in the Louisiana Civil Code is required by express language of the Code to be dated. That is the olographic testament, La.Civ.Code Art. 1588. The other three types — the mystic or secret testament, Arts. 1584-1585; the nuncupative testament by public act, Arts. 1578-1580, and the nuncupative testament by private act, Arts. 1581-1582 — are not required by these provisions to contain a date. A comparison of French codal law is interesting since our Code articles establishing the olographic, mystic, and public testaments follow their source provisions of the Code Napoleon in regard to dating. The olographic testament, C.N. Art. 970, required dating, but the mystic testament, C.N. Art. 976, and the public testament, C.N. Arts. 971-972, did not require a date under the codal pronouncements. However, because the testament by public act and the superscription or notarial minute on the mystic testament were by French definition authentic acts, C.N. Arts. 971, 976, 1317, 1319, they were required to be dated in order to comply with the law of 25 Ventóse Year XI regulating notaries and notarial acts. The dispositive portion of the mystic testament was not and is not required to be dated. See 3 Aubry and Rau, Droit civil frangais (La.St.Law Inst. tr. 1969) §§ 670(2) and (3), 671; 3 Pt. 2 Planiol, Traité élémentaire de droit civil (La. St.Law Inst. tr. 1959) §§ 2698, 2099, 2715, 2718, and 2724. In summary, in the absence of the law requiring the dating of all notarial acts, only one testament in France was expressly required to be dated, the olographic testament. Several differences are to be noted in Louisiana. Only the nuncupative testament by public act is self-proving. La. Civ.Code Art. 1647. The superscription of the mystic testament, although authentic in form, is not self-proving. C.C.P. Art. 2885. Moreover, we did not have notarial requirements for dating when we enacted our Civil Code, nor has the Legislature seen fit since the Code’s adoption to expressly require dating of either notarial or authentic acts. R.S. 35:1-625. Although it has been presumed by this writer, and apparently by many others of the bench and bar, that there was some legislative or jurisprudential mandate for dating authentic acts, there appears to be no such requirement. See dictum in Succession of Lombardo, 205 La. 261, 17 So.2d 303, and dictum in Livingston v. Dick, 1 La.Ann. 323. We do not here, however, make a pronouncement upon that subject. (We are cognizant of Civil Code Article 3.) Pertinent also is the fact that our codal provisions on authentic acts, La.Civ.Code Arts. 2234-2239, are specifically limited to contracts while their source provisions in the Code Napoleon applied to all instruments passed before a notary which were clothed with the requisite solemnities.
However, here we are not concerned with an authentic act, for the suggested attestation clause of the statutory will, though authentic in form, is not self-proving. C.C.P. Art. 2887. In connection with the statutory will, it is most interesting to note that Civil Code Articles 1581 and 1582 establishing the nuncupative testament under private signature, which, of course is not authentic (even in form), do not expressly require a date, and contain this final clause: “This testament is subject to no other formality than those prescribed by this and the preceding article.” Sophie v. Duplessis, 2 La.Ann. 724, directly held that a date is not required in such a testament. See also Succession of Lombardo, supra. Obviously requirements for dates in notarial or authentic acts would have no effect on the nuncupative testament under private signature, and we therefore must assume that our Code redactors intentionally created a will which did not require a date. This would appear to refute the theory that the re- *1095 ¿factors of our Civil Code failed to include dating in the forms of wills other than olographic because they relied upon the enactment of separate notarial laws for that requirement. go under the civilian concept, just as with the common law approach, we must determine only whether the law creating the will expressly requires a date, for there is no overriding general law which would make null testaments of all forms which do not bear dates. Cf. 31 La.L.Rev. 229-231 (1971).