HALL, Judge.
The legatee named in a purported olo-graphic will dated “November 15” sought to probate the will. Probate was opposed by alleged legal heirs of the decedent. The district court held that the date, with no year or suggested year in the testator’s handwriting, was no date at all, as distinguished from an ambiguous date, and did not conform to the requirements of form for an olographic will. The district court ruled there was no need to go further with evidence and denied probate, from which judgment the applicant appealed.
We reverse and remand.
The Louisiana Supreme Court in Succession of Boyd, 306 So.2d 687 (La.1975), held that “extrinsic evidence is admissible to establish the certainty of an ambiguous date on an olographic will.” The ambiguous date in that case was “2-8-72”. The Boyd case was followed by this court in Succes *162 sion of Greer, 315 So.2d 46 (La.App. 2nd Cir. 1975), where the ambiguous date was “April 49, 1943”.
The document presented for probate in this case has a date, albeit an incomplete one. The incomplete date as written is uncertain and ambiguous, but, as stated in Boyd, there is no reason why any legal evidence calculated to convince the court and establish the certainty of the date should not be considered. Extrinsic evidence of the certainty of the date should be allowed in this case.
Since appellant was not afforded the opportunity to offer evidence to establish the certainty of the date, the judgment of the district court denying probate is reversed and set aside, and the case is remanded for further proceedings consistent with the views expressed in this opinion. Costs of the appeal are assessed to appellees.
Reversed and remanded.