McClendon, Judge.
Plaintiff, universal legatee under the purported olographic last will and testament of Vemie Lee White, appeals a judgment declaring the will invalid for the reason it was not written by the decedent. We affirm.
Decedent, Vernie Lee White, died on January 20,1978. In February, 1978, the plaintiff proponent, Elvie Sudds, qualified as administratrix pro tempore of the succession. She thereafter sought to have probated the purported last will and testament which named plaintiff as the sole heir of the decedent. The probate was opposed by Ben Sherman, Jr., surviving spouse of the decedent, and the other surviving heirs.
The purported will was declared invalid by the trial court because it was dated simply November 15. The trial court reasoned that since the year was not apparent or even suggested anywhere in the writing, the will was without a date.
Plaintiff appealed that decision to this court [367 So.2d 161 (La.App.2d Cir. 1979)]. We held the incomplete date was uncertain and ambiguous and we remanded to the trial court to give. plaintiff an opportunity to establish the year in which the will was written.
On remand the trial judge decided that while proponent had established the will was written in 1977, the will was invalid because it was not in fact written by the decedent.
The sole issue for our review is whether there was sufficient proof presented to establish the will was written by the decedent. The applicable provisions of our law concerning the proof needed to authenticate an olographic testament are:
La. Civil Code art. 1588:
The olographic testament is that which is written by the testator himself.
In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of State.
La. Code of Civil Procedure art. 2883:
The olographic testament must be proved by the testimony of two credible witnesses that the testament was entirely written, dated and signed in the testator’s handwriting. The court must satisfy itself, through interrogation or from the depositions of the witnesses, that the handwriting and signature are those of the testator, and must mention these facts in its procés verbal.
La. Code of Civil Procedure art. 2903:
At the contradictory trial to probate a testament, its proponent bears the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of law.
The plaintiff proponent is the niece of the decedent and lived with the decedent for seven years between 1950 and 1957. Plaintiff also took care of the decedent during *884 the last months before her death. Shortly before her death, as decedent was leaving to go to the hospital, the decedent allegedly gave plaintiff a Bible which contained the will folded between the pages.
At the hearing, proponent herself was the only witness to testify unequivocally that the will was entirely written, dated and signed by the decedent. She testified that all the handwriting and the signature on the will looked alike and recognized all of the lines as being the handwriting of the decedent.
However, there was no foundation laid wherein proponent stated that during the lifetime of the decedent she had often seen her write and sign her name. Even though proponent lived with her for seven years ending in 1957, proponent demonstrated at trial that she was not able to say whether many of the exhibits identified by others as being written by decedent were in fact written by the decedent.
The only other witness relied on by the proponent was the decedent’s sister. She testified that there were parts of the will that appeared to be written by the decedent, but there were other parts that appeared not to have been written by her.
The opponents of the will offered testimony of several of decedent’s relatives and a handwriting expert.
Decedent’s husband, married to her for 17 years until their separation in 1977, had many opportunities to observe her handwriting. He received letters from her frequently when he was living away from her. He testified that the writing contained in the will was not that of Vernie Lee White.
The husband’s opinion is corroborated by that of a handwriting expert. She examined numerous documents including checks, letters, and other correspondence previously written by the decedent. It was her opinion that the will was not written by Vernie Lee White.
It is obvious from the foregoing that there was a substantial evidentiary basis to support the trial judge’s conclusion that the will was not written by the deceased.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.