PONDER, Judge.
This is a contest of will case.
The issue is the validity of an olographic will, dated invalid by the trial court. We reverse.
In 1963, testatrix made a statutory will leaving her estate to her brother. Appellants, Marie Raiford, Gwendolyn Brown Cooper, George Allen Cooper and Deborah Gwen Cooper Gill contend the statutory will was revoked by the following, written in pencil in a small booklet:
“Monday, 8. 1968
I want gwen cooper to have what I got when I died My land and all
Melisa Raiford”
Appellees argue that the latter is ineffective as a will because: it was not proved to have been written by the testatrix; it does not have a certain date, it does not show donative intent.
The trial court did not assign reasons. However, we have examined the record closely and have decided that the court must have concluded that the instrument, whatever its legal effect, was written by Melissa Mary Raiford. The proof is preponderant.
Recent jurisprudence permits the consideration of extrinsic evidence to establish the certainty of the date of an olographic will. Succession of Boyd, 306 So.2d 687 (La.1975); Succession of Greer v. Wiggins, 315 So.2d 46 (La.App. 2d Cir. 1975). Even when part of the date is missing, its certainty may be established. Succession of White, 367 So.2d 161 (La.App. 2d Cir. 1979).
The fact that the eighth day of the month occurred on Monday only in February, April and July in 1968, together with the testimony that the writing took place in the summer, and the existence of the date of July 8 on the note in the booklet immediately following the purported will fixes the date as July 8,1968. We find it sufficient.
We conclude, too, that the instrument shows donative intent sufficient to have it *399 constitute a will. It expresses a desire that the entire estate devolve on Gwen Cooper, who, it was proved, was something of a favorite with the testatrix. LSA-C.C. Arts. 1712-1714; Carter v. Succession of Carter, 332 So.2d 439 (La.1976); Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945).
Our decision is in accord with the strong public policy of sustaining the validity of wills and giving effect to the testator’s wishes when possible. Succession of La-Barre, 179 La. 45, 153 So. 15 (1934).
For these reasons, the judgment of the lower court is reversed and there is now judgment declaring the purported will and testament of Melissa Mary Raiford, dated March 18, 1963 and probated December 29, 1972, null and void, setting aside the order probating it, and allowing petitioners to probate the will and testament dated July 8, 1968.
All costs are assessed to the appellees.
The case is remanded for further proceedings not inconsistent with the above decision.
REVERSED, RENDERED AND REMANDED.