404 So.2d 251 (1981)
SUCCESSION OF Melissa Mary RAIFORD.
No. 81-C-0552.
Supreme Court of Louisiana.
September 8, 1981.
Rehearing Denied October 9, 1981.
Allen B. Pierson, Jr., of Pierson, Drake & Scott, Pontchatoula, for plaintiff-applicant.
Iddo Pittman, Jr. and James D. Johnson, of Pittman & Matheny, Hammond, for defendant-respondent.
WATSON, Justice.
This is a dispute about whether a notation, allegedly written by Melissa Mary Raiford, has a sufficiently certain date to constitute a valid olographic will.

*252 FACTS
Melissa Mary Raiford executed a statutory will on March 18, 1963, bequeathing all of her property to a brother, Elzy Peter Raiford. Melissa and Elzy, both unmarried, had each made a will naming the other as beneficiary so that if one died the other could remain in their joint home. Melissa died on June 22, 1970. Her will was probated and the brother was given a judgment of possession on December 29, 1972. He died on December 20, 1975, shortly after adopting Floyd Travis Lavigne and Margaret Raiford Lavigne. The two forced heirs had his testament probated and received a judgment of possession on March 11, 1976.
Subsequently, on June 24, 1976, Marie Raiford, Gwendolyn Brown Cooper, George Allen Cooper and Deborah Gwen Cooper Gill filed a petition to annul the probated testament of Melissa Raiford. Marie Raiford is the sister-in-law of the decedent. Gwendolyn Brown Cooper is Marie's adopted daughter, and George Allen Cooper is her husband. Deborah Gwen Cooper Gill is the Coopers' daughter. It was stipulated that Deborah Gwen Cooper Gill is the real party at interest. Plaintiffs contended that the statutory will had been nullified by a later will, consisting of a notation in a booklet, as follows:
 "Monday 8 1968
"I wont gwen cooper
to have what I got when I died
My land and all
 Melisa Raiford"
(Plaintiff's Exhibit 9)
The trial court decided that this "purported later testament is not the last will and testament of the deceased" and dismissed plaintiffs' suit. (Tr. 40) The Court of Appeal reversed, holding that the eighth day of the month occurred on a Monday only in February, April and July of 1968; that the writing took place in the summer; and that a note in the booklet immediately following the purported will fixes the date as July 8. The Court of Appeal also concluded that the instrument showed sufficient donative intent to constitute a will and that Gwen Cooper, the beneficiary, was a favorite with the testatrix. Succession of Raiford, 393 So.2d 398 (La.App. 1 Cir. 1980). A writ was granted to review the judgment of the Court of Appeal. 398 So.2d 529 (La., 1981).
The primary item in the succession is ten acres of land. A thirty acre tract was owned in indivision by the Raifords: sister Melissa Mary and her two brothers, Elzy Peter and Thomas Alonzo. It was partitioned into three ten acre tracts on February 20, 1954. Thomas Alonzo, Marie's husband, died in the interim between the deaths of his sister and brother.
At trial, Marie Raiford testified that she found the booklet containing the purported will between the mattresses of Melissa's bed. The booklet is entitled "Brunswick Record Index". It accompanied the purchase of a Brunswick phonograph in 1928 and was intended as an index of phonograph records. Marie Raiford testified that she found the booklet a good while after her sister-in-law died, but did not remember when. Melissa Raiford had a limited education. She completed the third grade but had only three months of school in each grade. Marie Raiford testified that the notation appeared to be in Melissa Raiford's handwriting. She assumed that Melissa had written the olographic will because it was in her book, but the two brothers and their sister "wrote nearly alike". (Tr. 70)
The claimant under the olographic will is Marie's granddaughter, Gwen Cooper. According to Marie, the decedent called Gwen Cooper "Sweet" and often declared her intention to give her estate to Gwen. There are two other grandchildren.
Marie Raiford admitted an indirect financial interest in the lawsuit. She felt that she deserved the property and the Lavignes did not, because she took care of Melissa and her older brother during their lifetimes.
Melissa Raiford's first cousin, Magdelene Howes, testified that she and Melissa were very close, and she thought the olographic will reflected Melissa's handwriting and spelling.
Gwendolyn Brown Cooper, a cousin of Marie Raiford, was adopted by Marie and *253 her husband. She was very familiar with Melissa Raiford's handwriting. In her opinion, there was no question that the instrument, Plaintiff's Exhibit 9, was completely written, dated and signed by Melissa Raiford.
Pamela Cooper Short, the sister of claimant Gwen, was twenty-three years old at the time of trial in March of 1979. She had lived near Melissa Raiford, had known her quite well and was familiar with her handwriting. She testified that the purported olographic will was in Melissa's handwriting. One summer day, Melissa was sitting on the porch with the Brunswick Record Index in her hand. Pamela, then about thirteen, asked Melissa some questions about the family and made notes on pages CD, E, and F of the book. She could not remember any writing on page A where the will appears, but was sure it was there or she would not have flipped over to page CD to begin her notes. She did not see Melissa write the purported will. Pamela would have been thirteen in July of 1968.
Deborah Gwen Cooper Gill said that she was not married on July 8, 1968, and was then known as Gwen Cooper.
The signature in the booklet differs from the signature used by Melissa Raiford in 1938 (Plaintiff's Exhibit 10) and from her signature on the statutory will. On both of those occasions she spelled her name with two s's rather than one. The original of the act of partition is not in evidence. Although there are other exhibits in Melissa's handwriting, none of them contain her signature. The purported will appears on page A of the Brunswick booklet. A notation on page B, dated July 8, is written with a lighter pencil and in a slightly different style.

LAW
LSA-C.C. art. 1588. "Olographic testament; definition, formalities":
"The olographic testament is that which is written by the testator himself.
"In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State."
Louisiana law requires that the date on an olographic will include the day, as well as the month and year. Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281 (1896). The date must be reasonably certain. Succession of Kron, 172 La. 666, 135 So. 19 (1931); Succession of Wenling, 172 La. 673, 135 So. 21 (1931); Succession of Caro, 175 La. 402, 143 So. 355 (1932). Extrinsic evidence can be admitted to establish the certainty of an ambiguous date. Succession of Lefort, 139 La. 51, 71 So. 215 (1916); Succession of Boyd, 306 So.2d 687 (La., 1975).

CONCLUSION
The only certain thing about the date here is the year 1968. The figure 8 could reflect either the day or the month. Although Pamela Short saw Melissa with the Brunswick booklet in the summer of 1968, she could not establish that the testamentary notation was made at that time. The notation on page B of the booklet, dated July 8, shows no indication that it was written on the same day as the will on page A. Differences in the pencil and the script indicate that the passage on page B may have been written by a different hand. There is certainly no basis to conclude that the writings on pages A and B were made at the same time.
The Court of Appeal erred in finding that the testamentary writing took place in the summer and that the following note, written with a different pencil and in a different style, established the date as July 8.
When the date or dates on which an olographic will was written cannot be established, the will is invalid. The year alone does not suffice. Heffner v. Heffner, supra. See the French authorities cited in Succession of Buck, 208 La. 556, 23 So.2d 215 (1945) at pages 222, 223 and 224. Here, as in Buck, there is also some question whether Melissa Mary Raiford actually wrote the olographic will. The trial court *254 correctly decided that the purported olographic will is not a valid last will and testament.
For the foregoing reasons, the judgment of the Court of Appeal is reversed. The judgment of the trial court dismissing plaintiffs' suit is reinstated.
REVERSED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
An olographic will must be dated to be valid. The primary purpose of that requirement is to permit a determination of whether the testator was competent when the will was made. The date also permits a determination of which of two wills supercedes the other. 3 M. Planiol, Traité Élémentaire de Droit Civil, § 2691 (La.S.L.Inst.Trans., 1959). In short the date provides a reference point that aids in the adjudication of attacks on a will based on numerous grounds.
The will in the present case is dated since the point in time expressed by the designation of the year is a date.[1] Therefore, the will is valid, at least for the purposes of this litigation in which the only issue is whether the date on the will establishes the point in time of its making sufficiently to show that this will was made later than the 1963 will in which decedent left the property to her brother. The date on the 1968 will clearly resolves that issue.
I would affirm the judgment.
NOTES
[1] The date or point in time, of course, can be more clearly expressed, even beyond the month and day.