531 So.2d 431 (1988)
SUCCESSION OF HOLLOWAY.
No. 87-C-2093.
Supreme Court of Louisiana.
February 29, 1988.
Rehearing Denied March 31, 1988.
Walter White, Nelson, Hammons & Johnson, Shreveport, for applicant.
Lawrence May, Vivian, for respondent.
CALOGERO, Justice.
Louisiana's statutory will is one which "shall be dated." R.S. 9:2442(B). This case presents two essential questions:
1) Is this a mandatory requirement, so that the absence of a date is a fatal defect?
2) Is "the ______ day of February 1984" a date?
A case with relevant facts almost identical to the one now before us, Succession of Gordon v. Bridges, 257 La. 1086, 245 So.2d 319 (La.1971), was decided by this Court in 1971.[1]
The statute in existence at that time in its pertinent first paragraph did not state that the statutory will "shall be dated", as does the 1974 and current versions of the statute. It merely required that the will be in writing and signed by the testator in the presence of a notary public and two witnesses in a manner thereafter described. Additionally, R.S. 9:2442(3) then required that the described manner of execution be evidenced by a declaration in "the following form or a form substantially similar" to one which ended with the words "in the presence of the testator and each other we have hereunto subscribed our names on this ______ day of __________, 19__."
In a well reasoned but non-unanimous opinion the Succession of Gordon majority[2] concluded that Louisiana's common law based statutory will "need not be dated" because there is no "express requirement within our statute mandating an inclusion of a date," and that while it is "advisable that a will be dated to show the order of execution if more than one will has been executed by the testator or in the event of an attack upon the capacity of the testator to make the disposition," nonetheless, if the will is undated, the date "may be established for the statutory will by ordinary proof when and if proof of it is needed." As the dissent in the case made evident, there was a respectable view that the statute as then written did indeed require a date,[3] and that the permissive "may" (R.S. *432 9:2442(3)) referred not to inclusion of a date in the will, but to the required but alternate forms of the attestation clause, i.e., "Such declaration may be in the following form or a form substantially similar thereto."
In all events, after rendition of the judgment and opinion in Succession of Gordon v. Bridges, and responsive to a bill introduced at the urging of the Louisiana State Law Institute[4] the Legislature passed Act No. 246 of 1974. R.S. 9:2442 was thus amended in two particulars. The outset paragraph was amended to read as follows: "The statutory will shall be in writing ... shall be dated, and shall be made in the following manner:" (emphasis provided). It was also amended by revision of the remainder of the statute with deletion of the permissive "may" which had earlier existed in 9:2442(3).[5] Furthermore, in subsection 2 there was essentially repeated the suggested form of the attestation clause, including the verbiage "this _____ day of __________, 19__."
So, the "express requirement within our statute mandating an inclusion of a date," which the Gordon majority found lacking in the pre-1974 version, is now and has since 1974 been contained in the statute. The legislature's change in the law to require a date, after Gordon said that a date was not required, makes it perfectly clear that today "a statutory will must ("shall") be dated." The word "shall" is mandatory. La.R.S. 1:3. When a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. LSA C.C. art. 13.
Proponents of the will in this case urge upon us policy reasons why a date is not necessary. Absent need to show an order of execution of two competing wills, or an *433 attack upon the capacity of the testator (where the date and corresponding mental condition of the testator become relevant), the date of the will is irrelevant, or if the date is relevant, it is provable by extrinsic evidence dehors the will. They rely on the Succession of Gordon v. Bridges and Succession of Boyd, 306 So.2d 687 (La.1975).[6]
Unfortunately for relators those policy reasons are more in the province of the Legislature than of this Court, and were presumably considered by the Legislature which, notwithstanding, passed Act 246 of 1974.
The sole remaining question is whether "the ________ day of February, 1984" is a date. With that language included in the will, was the will "dated"?
We long ago considered that issue in a case involving an olographic testament, Heffner v. Heffner, 48 La.Ann. 1089, 20 So. 281 (1896). In Heffner, as here, the will stated the month and year of execution, but the day of the month on which the will was executed was not given. Louisiana Civil Code article 1588 requires that an olographic will must be dated by the testator, and the issue was whether the recitation of the month and year alone constituted a date.
Noting that French commentators maintained that the inclusion of the day of the month of execution was essential with respect to wills executed pursuant to a corresponding article of the Napoleonic Code, we concluded that the will was invalid:
"The mandate of the Code is positive, without and purposely without, any qualification or exception. The will must be dated, and the month, without the day, is no date." 48 La.Ann. at 1090, 20 So. 281 (emphasis added).
While Heffner dealt with an olographic will, the reasoning of that case controls here. La.R.S. 9:2442 requires that a statutory will shall be dated, and does not qualify that requirement in any respect. The date of an event, be it a birth, a death, an anniversary or the execution of a will, is normally understood to encompass the day, month and year on which the event took place. See also Black's Law Dictionary (4th ed. 1968), which defines "date" as "[t]he specification or mention, in a written instrument, of the time (day, month and year) when it was made."
Unless and until the Legislature says otherwise, we are unwilling to depart from our conclusion in Heffner that "the month, without the day, is no date." If the month without the day were considered to be a date, then presumably the year without the month and day would also have to be considered a date, and thus a will would be considered dated if nothing more than the year of execution were recited. If such were the case, the statute's requirement that the will must be dated would not be attributed its plain and ordinary meaning. We are unwilling to disregard an express statutory requirement in this fashion, and instead adhere to the sound reasoning of the Heffner decision.
Relators rely on the dissenting opinion in Succession of Raiford, 404 So.2d 251, 254 (La.1981), which expressed the view that the provision of the year of execution alone should be sufficient to uphold an olographic will if the year recited "provides a reference point" that allows all attacks on the will to be resolved. The view articulated in the dissent is contrary to Heffner, which held that a date, rather than a "reference point" is required. Therefore, we do not follow that dissenting view here.
The proponents of the will also cite Conner v. Motors Insurance Corp., 216 So.2d 555 (La.App.1968), for the proposition that the meaning of the word "date" is "the time at which an event occurs" or "a given point of time," rather than "the calendar day on which it occurs." Id. at 557 (emphasis by the Court). Conner involved a dispute over the scope of coverage afforded by an automobile insurance policy, rather than a dispute over the provisions of a will. Specifically, the policy stated that it *434 would insure a newly acquired vehicle if the policy insured all other automobiles owned by the insured "on the date of such acquisition." On the day that the new vehicle was acquired, the insured owned one vehicle that was covered by the policy and one that was not. He traded the non-covered vehicle for the vehicle he acquired. After the acquired vehicle was damaged in an accident, the insurer contended that it was not covered by the policy because the insured had owned a non-insured vehicle "on the date" of acquisition. There was no question that the insured had owned a non-covered car on the day of acquisition, that being the car which he traded for the acquired vehicle. However, the Court interpreted the word date in the insurance policy to refer to a point in time narrower than a single day. Instead, "date" referred to the actual moment of acquisition, at which point the insured did not own a non-covered car because he had just traded the non-covered car for the newly acquired vehicle.
It is doubtful that the language in Conner regarding the meaning of the word "date" in the context of an automobile insurance policy has any relevance here. However, if anything, the reasoning of Conner is adverse to any suggestion that the recitation of a month and year constitutes a date. According to the reasoning used in Conner, a date was defined as an even smaller unit in time than a day. It is difficult to see how that mode of reasoning in any way strengthens the position taken by the proponents of the will.
If in fact a will is dated, we have held that extrinsic evidence may be considered to resolve ambiguity regarding the date written by the testator. See e.g., Succession of Boyd, 306 So.2d 687 (La.1975) (date of execution recited as "2-8-72"). However, when as here, a date is not recited in the first instance, the statutory requirement has not been satisfied and extrinsic evidence should not be considered. Heffner, 48 La.Ann. at 1098, 20 So. 281. This case does not involve a will which contains an ambiguous date, but one which contains no date at all.

Decree
For the foregoing reasons, the judgment of the court of appeal is affirmed.
AFFIRMED.
DIXON, C.J., dissents with reasons.
DENNIS, J., dissents with reasons.
LEMMON, J., dissents and assigns reasons.
DIXON, Chief Justice (dissenting).
There is no testimonial evidence in this case. All we know about it is what is in the pleadings.
Tom Bruce's cousin, John E. Holloway, died January 29, 1986. On January 31 Bruce's lawyer, Lawrence L. May, petitioned the court for an order to open and inventory Holloway's bank box in Vivian. On March 5 May filed another petition for Bruce, asking the court to probate Holloway's will and either appoint Cora Lee Bruce Murphy and Audrey Elton Roland testamentary co-executors, or, in the alternative, issue letters of administration to Tom Bruce.
Attached to the petition were two instruments: a typewritten will by Holloway, signed, witnessed and notarized, but dated "on this _______ day of February, 1984;" the other, a photocopy of the original with "13" in the blank left for the day. May asked that "one or both" be probated. The district judge decided not to probate the wills, and appointed Bruce the administrator.
May recited that he had removed the original will from Holloway's bank box on February 3, and that Mr. and Mrs. Audrey E. Roland, on the same day, gave May a brown envelope which said: "Last Will & Testament of John Erwin Holloway 2-13-84." Inside was a white envelope on which the same statement was written.
With family members gathered on February 7, May opened the white envelope and removed the copy of the will described above.
On September 9, 1986 Audrey Elton Roland, relator, filed a petition to probate the wills. Attorney Clyde Lawton, the notary, *435 had died. Roland alleged that he knew, on personal knowledge, that the will was in fact executed on February 13, 1984.
Bruce was ordered to show cause on October 17, 1986 why the will should not be probated. On that day the trial judge declared the instruments invalid.
The first time the Louisiana Law Institute was asked to amend the statutory will act (R.S. 9:2442) the motion was debated the only debate of which there is any record. The motion failed. The minutes of April 7-8, 1972 describe the debate:
"[Wood] Brown: Opposed to making "date" a matter of substance; we have many ludicrous holdings in our jurisprudence in which hypertechnical fault with date has nullified an otherwise valid will and thus frustrated testamentary intent. Nuncupative wills and mystic wills do not require a date. Date simply is not a matter of substance. Making a date a matter of substance is a step backward. Suggest we leave statutory will alone, with date a matter of form, subject to proof outside the will when necessary; also go farther and remove as a matter of substance in olographic will. [Truman] Woodward: Disagree; this opens the door for fraud and makes it easier on persons seeking to perpetrate fraud. [Denson] Smith: Agree with Brown, suggest we take no action and leave statutory will `date' matter alone." Minutes of the April 7-8, 1972 meeting of the Council of the Louisiana State Law Institute, Monteleone Hotel, New Orleans.
In 1974 the effort was renewed. Although the object of the committee and reporter was to "overrule" the Succession of Gordon, 257 La. 1086, 245 So.2d 319 (1971), there was no indication that adding to the statute the requirement that the will "shall be dated" would in all cases result in the invalidity of a will. A portion of Gordon was quoted to the effect that, in the event of attack, the "date, however, may be established for the statutory will by ordering proof when and if proof of it is needed." Gordon, supra at 1095, 245 So.2d at 323. Nor is the "shall be dated" language nearly as commanding as that in C.C. 1588: "In order to be valid, it [the olographic will] must be entirely written, dated and signed ..." (Emphasis added). Extrinsic evidence can properly be used to prove the certainty of an olographic will. Succession of Boyd, 306 So.2d 687 (La.1975).
If the original of the Holloway will had been lost or destroyed, the copy could have been probated. Succession of Nunley, 224 La. 251, 69 So.2d 33 (1954); Succession of O'Brien, 168 La. 303, 121 So. 874 (1929).
Reviewing the jurisprudence concerning the use of extraneous evidence to prove an uncertain date in the Succession of Boyd, supra we said at 692:
"We have arrived at this point in Louisiana: if the will is lost, the entire will can be proved by extrinsic evidence, including the date; if the century of the date is uncertain, extrinsic evidence, such as the date of death of the testator, may be used to make the date certain; if the will bears two different dates, it is not stricken with invalidity.
The object of the law is surely not to frustrate the will of the testator...."
We could avoid such frustration here by reversing the court of appeal and remanding the case to the district court to receive evidence of the day on which the will was executed.
LEMMON, Justice, dissenting.
Under La.R.S. 9:2442(B), the formal requirements for the validity of a statutory will include that the will "shall be dated". The apparent purpose is to provide a reference point that aids in the adjudication of an attack on the will based on incompetency of the testator, birth of a child, existence of a superceding will and similar grounds. 3 M. Plainol, Traité Éléementaire de Droit Civil § 2691 (La.S.Law Inst.Trans.1959); Succession of Raiford, 404 So.2d 251 (La. 1981) (Lemmon, J., dissenting). Here, the point in time expressed by the month and year is a date which constitutes sufficient compliance with the statute to sustain the validity of the testament and thereby fulfill the wishes of the testator. Moreover, if the uncertain date of "2-8-72" in the unanimous decision in Succession of Boyd, 306 *436 So.2d 687 (La.1975), was sufficient to uphold the validity of that will, the uncertain February 1984 date (apparently caused by the notary's error) should be sufficient to uphold the validity of the will in this case.
NOTES
[1] The pertinent language in the Gordon case appeared in the will's attestation clause, which concluded with the words "at Shreveport, Caddo Parish, Louisiana on October _____, 1966."
[2] In Gordon six justices participated, our current Chief Justice being recused. The opinion drew three concurrences and one dissent.
[3] In 31 La.L.Rev. 223 (1971), Professor Carlos Lazarus commented:

"The statute itself leaves no doubt that in order to be valid, the statutory will must be drawn in substantial conformity with the form established by the statute, among which is the requirement that the will show the day, month, and year, in which it was executed." (p. 229)
"(T)here is no mistake or ambiguity in requiring a complete date for validity thereof in the legislation pertaining to the statutory will." (p. 231)
Also, in a comprehensive article on the statutory will in 28 Tul.L.Rev. 288, (1954) at 295, Mrs. Louise Korns wrote:
It is well settled that omission of a date or an attestation clause are not fatal to the validity of the ordinary statutory will at common law. In case the attestation clause is left out, due execution of the will is evidenced by the mere fact that the witnesses have signed it. However, in the Louisiana statutory will both an attestation clause and a date appear to be essential, and hence if one or both are left out, the will would probably be held invalid.
[4] The minutes of the meeting by the Council for the Louisiana State Law Institute held on April 26, 1974 recite that the Council considered proposed amendments to R.S. 9:2442 including one with respect to whether the statutory will should be dated. A motion to require dating of a statutory will passed. At the immediately succeeding session of the Legislature House Bill 383 was introduced "By: Messrs. Simoneaux, J.S. Casey, Bagert and Hainkel and Senators W.D. Brown, Bauer, De Blieux and Mouton (On Recommendation of the Louisiana Law Institute)." Louisiana Acts No. 246 (1974) The Bill passed and became Act No. 246 of 1974, amending R.S. 9:2442.
[5] R.S. 9:2442 as thus amended read, as follows, after the 1974 Act:

2442. Statutory will; form
The statutory will shall be in writing (whether typewritten, printed, mimeographed, or written in any other manner), and shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated, and shall be made in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name because of some physical infirmity, he must so declare or signify to the notary in the presence of the witnesses as well as of the cause that hinders him from signing, and shall then affix his mark in the places where his signature is required. Express mention of the testator's declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(2) The foregoing facts shall be evidence (sic) by a declaration signed by the notary and both witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto:
"Signed on each page (or if not signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the physical cause that hinders him from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on the _____ day of _________, 19__." (emphasis supplied)
[6] Succession of Boyd involved an olographic will with a date, although an ambiguous one (2-8-72). And Succession of Gordon v. Bridges was decided prior to the legislature's amendment of R.S. 9:2442 in 1974.