664 So.2d 556 (1995)
SUCCESSION OF Burleigh Jude SONGNE, Sr.
No. 94-1198.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Writ Denied February 2, 1996.
*557 Gary Evans Theall, Abbeville, for Burleigh Songne et al.
Patrick Robert Bossetta, New Orleans, for Brenda Trahan Songne Executrix.
Barbara Bossetta Brandt, Lafayette, for Brenda Songne as Legatee.
Before THIBODEAUX, WOODARD and KNIGHT[*], JJ.
WOODARD, Judge.
Appellants, Charmaine Songne, Burleigh Songne, Jr., and Michelle Ann Songne, appeal the denial of their rules to annul decedent's will and to remove appellee, Brenda Trahan Songne, from her position as executrix.

FACTS
Burleigh Jude Songne, Sr., died on February 15, 1994, survived by his third wife, Brenda Trahan Songne, and three children by prior marriages, Charmaine Songne, Burleigh Songne, Jr., (a/k/a B.J.), and Michelle *558 Ann Songne. Songne died testate, having executed a statutory will in which he left the forced portion of his estate to the three children and the disposable portion to Brenda. In his will, Songne also named Brenda as executrix. The will was probated and Brenda was confirmed as executrix on March 25, 1994. Although the will declared that Brenda was to serve without bond, she nevertheless posted a $150,000 bond in order to mollify the children.
On May 25, 1994, B.J. and Michelle moved to issue a rule ordering Brenda and Peter Landry, the attorney for the succession, to show cause why they should not be removed and disqualified, respectively, and why a dative testamentary executor should not be appointed. B.J. and Michelle asserted that Brenda had a conflict of interest with the other heirs and that she had put her interest ahead of theirs. All three Songne children then moved for a rule to annul Songne's will because it bore two different dates.
The trial court denied and recalled both rules on August 29, 1994. The children filed for supervisory writs from this court, which we denied on December 21, 1994, stating that the trial court's determination that the will is valid is a final, appealable judgment and that the trial court did not abuse its discretion in failing to remove Brenda. The children then applied for writs from the Louisiana Supreme Court, which were granted. On March 17, 1995, the supreme court remanded the matter to this court to be treated as an appeal.
The issues on appeal are whether the will is valid, whether the clause authorizing the executrix to allocate assets to satisfy the force portions is valid, and whether Brenda should be removed as executrix of Songne's succession.

LAW

I. VALIDITY OF THE WILL
A statutory will is invalid if it is not dated. Succession of Holloway, 531 So.2d 431 (La.1988). Extrinsic evidence is inadmissible to prove the date of a will from which a specific and identifiable date is absent. Id. However, extrinsic evidence may be introduced to resolve ambiguity regarding the date if in fact the will is dated. Id.
In the case sub judice, Songne's will is dated: it is dated November 6, 1991 on the first page and November 6, 1992 on the second page. Thus, the problem is not that the will is not dated, but that it is dated twice. The Louisiana Supreme Court has held that "if the will bears two different dates, it is not stricken with invalidity." Succession of Boyd, 306 So.2d 687, 692 (La.1975). Rather, extrinsic evidence may be introduced to prove which is the correct date. Succession of Cunningham, 142 La. 701, 77 So. 506 (La.1918).
Appellants argue that this holding should apply only to olographic wills, and not to statutory wills, because the former are written by hand and usually without legal assistance, whereas the latter are usually confected by attorneys. However, the supreme court has explicitly rejected such a distinction, stating that the reasoning of cases dealing with ambiguously dated olographic wills applies in the context of statutory wills. Holloway, 531 So.2d 431. This reasoning comports with the policy of this state to construe the statutory will provision liberally to maintain the validity of the will whenever possible. Succession of Guezuraga, 512 So.2d 366 (La.1987). Consequently, extrinsic evidence is admissible in the case sub judice to prove which of the dates contained in Songne's will is correct.
Preston Summers, the attorney who confected the will, and Kimberly Webb and Darlene Schexnyder, Mr. Summers's assistants, testified that Songne executed his will in their presence on November 6, 1992. Summers, Webb, and Schexnyder testified further that the first page of the will was dated incorrectly solely as a result of a clerical error: when Songne signed an amended version of a prior will on November 6, 1992, Summers altered the old will (dated in 1991) on his word processor, accidentally neglecting to change the year in the affirmation clause on the first page. The printed portion of the clause ends with the words "... this __ day of __, 1991," and the correct day and month were entered by hand. Appellants *559 have produced no evidence casting doubt on this testimony. Therefore, we hold that Brenda proved that the will was executed on November 6, 1992, and consequently Songne's will is valid.

II. VALIDITY OF CLAUSE AUTHORIZING EXECUTRIX TO ALLOCATE ASSETS TO SATISFY FORCED PORTIONS
The will authorizes Brenda to assign specific assets to satisfy the children's forced portions. A testator may delegate to his executor the authority to select assets to satisfy the quantum or value of the legacy that he bequeaths to each of his legatees, if the testator has designated the quantum or value to which the legatee is entitled according to a formula or by a specific sum. La. Civ.Code art. 1573. Appellants argue that article 1573 does not validate the asset allocation clause because it was enacted solely to allow Louisiana residents certain advantages regarding federal estate taxes, and no estate taxes will be assessed against Songne's estate. However, we find this argument without merit or authority, as article 1573 does not on its face limit its application to federal estate taxes.
Appellants further argue that article 1573 may not be invoked because Songne failed to provide specific values for the legacies to which each of his three forced heirs is entitled or a formula by which the values may be determined, which is a prerequisite for a valid delegation of authority to allocate assets under article 1573. We disagree. Songne specially left the appellants their forced portion of his estate, thereby invoking the legal formula for the determination of the quantum to which they are entitled: namely, one-third to each of one-half of the value of Songne's estate at the time of his death. La.Civ.Code art. 1493. Thus, their individual legacies can be calculated with mathematical precision as of the moment of Songne's death, which is the proper time for determining the value of the forced portion. La.Civ.Code art. 1505.
Appellants also argue that permitting the executrix, herself a legatee, to select the assets that will comprise their legacies violates their constitutional right to the forced portion of Songne's estate. However, article 1573 governs this issue, and appellants have not challenged the constitutionality of that statute. Consequently, this assignment of error lacks merit.

III. REMOVAL OF EXECUTRIX
Finally, appellants argue that the asset allocation provision creates a conflict between her interests and the appellants' interests. They concede that a potential conflict of interest does not constitute sufficient grounds to remove an executrix, Succession of Dunham, 408 So.2d 888 (La.1981), until the executrix mismanages the estate or violates her fiduciary duties to other heirs or legatees, which they claim Brenda has done in the case sub judice.
A succession representative is a fiduciary of the succession and has the duty of collecting, preserving, and managing the property of the succession in accordance with law. La.Code Civ.P. art. 3191. She must act, at all times, as a prudent administrator, and she is personally responsible for all damages resulting from her failure to so act. Id. This fiduciary duty should be read expansively to pervade all of the representative's operations. La.Code Civ.P. art. 3191, comment (a). The court may remove a succession representative who has mismanaged the estate or who has failed to perform any duty imposed by law. La.Code Civ.P. art. 3182.
Among the specific duties of the succession representative is the duty to collect all succession funds and deposit them in a succession bank account as soon as they are received. La.Code Civ.P. art. 3222. The representative may be dismissed from office for failure to comply with this duty. Id. It is no defense under this article that the representative honestly believes that she has a claim to the funds not deposited as required; she must first deposit succession funds in a succession account, and only then may she properly assert her claim thereto. Succession of Dykes, 258 So.2d 606 (La.App. 1 Cir.), writs denied, 261 La. 533, 260 So.2d 319, 320 (1972).
Brenda withdrew $10,358 from an account belonging to her and her husband *560 jointly eight days before he died and $218,000 from the same account five days before he died. Additionally, she entered the bank box containing Songne's will, to which both she and Songne had access, between the time of his death and the opening of the box under judicial order to inventory its contents, to retrieve the will. Appellants also claim that Songne owned certain valuable record albums, coins, and jewelry that are now inexplicably missing, and that Brenda has improperly failed to produce these items or to explain their nonproduction. Finally, appellants claim that Brenda testified falsely under oath on several occasions, including testifying that the $218,000 was not in the form of a cashier's check at the time of Songne's death, that no one had entered the bank box after Songne's death and before it was judicially opened, and that a refinancing of their home involved only community property.
The trial court held that, "while there has been very clearly abrasion in the relationship between the Executrix and the heirs, I do not think and hereby find that it has not been shown that there were violations sufficient to remove ... the Executrix...." The determination whether to remove Brenda as executrix is committed to the discretion of the trial court and therefore we may not reverse the court's decision in the absence of abuse of that discretion. La.Code Civ.P. art. 3182; Succession of Crain, 450 So.2d 1372 (La.App. 1 Cir.1984).
Brenda deposited the check for $218,000 in the succession account when it was opened on March 31, 1994, only four business days after she was appointed executrix. Consequently, Dykes, is inapplicable to this case, since that case involved a succession representative who never deposited the funds in question into the succession account. Appellants have not indicated in what manner they were harmed or prejudiced by the timing of Brenda's actions other than to assert that her tardiness indicates that she would have kept the check a secret if the appellants' attorney had not learned of its existence. We find this argument unconvincing, given that the bank records revealed the check's existence to the most casual of investigators. Consequently, we hold that, under the circumstances of this case, Brenda complied with her statutory duty to deposit the funds in the checking account. There is no direct evidence that the jewelry, coin collection, or record albums were in Songne's possession at his death. The only evidence that he ever possessed such items came from Songne's second wife, who acquired half of his collections of these items when the couple divorced in 1987, seven years before Songne died, and B.J., who testified that he knew that his father had owned these items and that he believed that Songne would not have sold them. In any event, appellants may challenge Brenda's assertion that these items are no longer in Songne's estate through traversal of the descriptive list of the items in the estate, which has yet to be completed. La. Code Civ.P. art. 3137.
Next, while it is unfortunate that Brenda entered the bank box before its contents were judicially inventoried, thereby compromising the integrity of that procedure, we note that she was a co-owner of that box and therefore entitled to enter it. La. R.S. 6:321. It was obviously necessary to retrieve the will prior to dealing with the succession, and since that document was located in the bank box, it was necessary to enter the box to obtain it. There is no evidence that Brenda, a layperson, had reason to suspect that she was doing anything wrong by entering her bank box to do so.
Further, we find appellants' arguments, that Brenda testified "falsely," involving primarily her lack of memory as to the precise details and timing of her actions during the week before her husband's death and several other minor inconsistencies, to be specious, as these "inconsistencies" appear to have stemmed not from dishonesty but from misunderstanding due to a lack of perfect information.
Considering the circumstances of this case, the trial court did not abuse its discretion in failing to remove her as executrix of the succession.

CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court in favor of defendant-appellee, *561 Brenda Trahan Songne. Costs of this appeal are assessed against plaintiffs-appellants, Charmaine Songne, Burleigh Songne, Jr., and Michelle Ann Songne.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.