428 So.2d 1300 (1983)
ESTATE OF Margery Kilpatrick WARTELLE, Plaintiff-Appellant.
No. 82-612.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Writ Denied April 15, 1983.
*1301 Charles M. Reid, Amite, for plaintiff-appellant.
Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, Jr., Opelousas, for appellees-defendants.
Joseph H. Simpson, Amite, for defendant-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Plaintiff seeks to have the statutory testament of deceased set aside on the grounds that Lizzie Kilpatrick Watts, one of three witnesses, was also a legatee. There were two other witnesses who were competent. The District Judge upheld the validity of the statutory will, holding that R.S. 9:2442[1] required only that such a will be executed in the presence of a notary and two competent witnesses and the signature of a third witness, the legatee, was mere surplusage. In reaching such a result, the trial judge observed that the testator's intent would be given effect.
From that judgment plaintiff, niece of the deceased and nearest living relative, has perfected the present suspensive appeal wherein reliance is placed on the following Civil Code articles:
Art. 1592. Heirs and legatees excluded as witnesses
Neither can testaments be witnessed by those who are constituted heirs or named legatees, under whatsoever title it may be.

*1302 C.C. arts. 1578, 1581, 1583, 1584, 1591, 1593, 1595, 1599, 1603.
Art. 1595. Testamentary formalities essential
The formalities, to which testaments are subject by the provisions of the present section, must be observed; otherwise the testaments are null and void.
C.C. arts. 1467, 1575, 1578 et seq., 1581 et seq., 1584 et seq., 1588, 1590 et seq., 1597, 1599, 1601, 1603.
Provisions pertaining to statutory wills contained in LSA:R.S. 9:2442 specifically incorporate the prohibition of La.C.C. Art. 1592, however, no express mention is made of the sanctions imposed by La.C.C. Art. 1595. Nevertheless, they do apply.[2]
In addition, plaintiff cites Evans v. Evans, 410 So.2d 729 (La.1982) wherein a divided Supreme Court (4:3) held that a material deviation from prohibition against a legatee acting as a witness rendered the will as a whole null and void where execution of the will was witnessed by only the requisite number of witnesses.
Appellee argues that Evans is inapposite for the reasons assigned by the trial judge: here, there is a surplusage of witnesses with the requisite number being competent.
In resolving the conflicting interpretation of Evans by respective counsel, the trial court considered cases, wherein the testator's intent was upheld despite imperfect compliance with testamentary requirements, including: Jones v. Kyle, 168 La. 728, 123 So. 306 (1929), wherein witnesses subscribing to an olographic will, being surplusage, were disregarded; Succession of Eastman, 6 So.2d 788 (La.App.Orl.1942), where a will deemed olographic was not rendered invalid simply because of unnecessary signatures of witnesses; and Succession of Gauthreaux, 173 La. 993, 139 So. 322 (1932) where the incompetency of a surplus witness was likewise disregarded. Accord: Succession of Koerkel, 226 La. 560, 76 So.2d 730 (1954).
All of the aforementioned jurisprudence relied upon by the trial court preceded enactment of R.S. 9:2442. Amendments thereto have modified judicial decisions. As noted in Evans, the decision in Woodfork v. Sanders, 248 So.2d 419 (La.App. 4th Cir.1971), writ denied, 259 La. 759, 252 So.2d 455, to the effect R.S. 9:2442 did not prohibit a legatee from acting as a witness, was subsequently overruled by legislative amendment mandating the same formalities in statutory wills as in codal wills. Evans v. Evans, supra at 731footnote 4. Notwithstanding the evolution of the law occasioned by amendment, appellant has cited no jurisprudence reaching a result contrary to those cases relied on by the trial judge.
The Supreme Court in Evans recognized that statutory wills are of common law origin, stating:
We have recognized that our statutory will is based on statutory wills derived from common law states which can be traced to the English Statute of Frauds, rather than civilian law. Succession of Porche, 288 So.2d 27 (La.1973); Succession of Gordon [257 La. 1086, 245 So.2d 319], supra; Succession of Morgan, 257 La. 380, 242 So.2d 551 (1970). The Statute of Frauds declares:
"... [A]ll devises and bequests of any lands and tenements ... shall be in writing and signed by the party so devising the same, or by some other person in his presence and by his express directions, and shall be attested and subscribed in the presence of the said devisor by three or four credible witnesses, or else they shall be utterly void and of none effect." Statute of Frauds (1677), 29 Car. II, c. 3, xii. The majority of common law states only invalidates gifts to attesting witnesses, permitting the remainder of the will to stand. See, 46 Tul.L.Rev. 558, 561 (1971).
410 So.2d 729, 732 footnote 6 (emphasis added).
*1303 This being so, and in light of the scarcity of Louisiana jurisprudence directly on point, we find it appropriate to further explore the law of other jurisdictions. The requirements of attestation in execution of a will is purely statutory. 79 Am.Jur.2d-457, Wills § 258. Substantial compliance with the requirements of the statute is essential to the validity of the will. id. at 458. Accord: Oppenheim, The Testate Succession, 36 Tul. L.Rev. 1, at 13 (1960); Note, DonationsImperfect Compliance With the Formal Requirements of the Statutory Will, 15 Loy.L. Rev. 362 (1968-69). The purpose of the acknowledgement requirement is to render available proof of compliance, authenticity, and lack of fraud or undue influence. "It is a rule of general application that interest will disqualify one as a subscribing witness to a will and that a will attested by an interested witness is invalid unless it is otherwise attested by a sufficient number of competent witnesses." 79 Am.Jur.2d 479, Wills § 289; Annot. 133 A.L.R. 1286.
The general rule in the United States is that unless there are other safeguards, a gift to an attesting witness is void but the remainder of the will is valid. The majority of states allow a gift to a witness only if enough disinterested witnesses were present to supply the required number of witnesses. Invalidation in other states depends upon whether the will can be proven without the testimony of the legatee witness. A minority of the states allow, without restriction, the validity of a gift to a witness." Note, SuccessionsStatutory Will Valid Although Witnessed by Legatee, 46 Tul.L.Rev. 558, 561 (1972).
Both parties cite Succession of Roussel, 373 So.2d 155 (La.1979) in support of their respective positions. In Roussel a nuncupative will by private act was witnessed by six individuals; four were residents of the parish, two witnesses resided across the parish line within the twin-parish city where testator lived. The statute required attestation by five residents. The will was held invalid in its entirety, the court stating:
"A material deviation from the manner of execution prescribed by statute will be fatal to the validity of the will. The fact that there is no fraud, or even suggestion or intimation of it, will not justify the courts in departing from the statutory requirements, even to bring about justice in the particular instance, since any material relaxation of the statutory or codal rule will open up a fruitful field for fraud, substitution, and imposition."
Appellant contends there was a material deviation in execution of the will. Appellee contends Roussel is inapposite as involving no surplusage and notes there is no allegation of fraud or misconduct whatsoever.
Just as a material deviation invalidates a will, substantive compliance is sufficient to preserve the testator's intent. We conclude, from the aforementioned jurisprudence, that attestation by the requisite number of competent witnesses constitutes substantial compliance rendering the will effective notwithstanding the incompetency of a surplus witness-legatee. The will was properly attested by two witnesses and that is all the law requires. We believe our position fortified in view of the fact there is no suggestion of fraud and find Roussel distinguishable from the present case inasmuch as the requisite number of witnesses did not exist after the court found two witnesses to be incompetent.
Furthermore, the will appears to satisfy the requirements of an olographic will, however, our resolution hereinabove makes it unnecessary for us to address this hypothesis for upholding the testator's intent.
Neither party has addressed, before the trial court or this court, the issue of what should become of the incompetent witness' legacy under the result reached. Hence we need not consider the issue on appeal.
For the reasons assigned hereinabove, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] § 2442. Statutory will; form; witnesses

A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of ____, 19__."
C. If the testator is unable to sign his name because of a physical infirmity, the will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will, that he is unable to sign because of a physical infirmity, and shall then affix his mark at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has declared that he knows how to sign his name but is unable to sign his name because of a physical infirmity and he has affixed his mark at the end and on each other separate page of this will and declared or signified in our presence that this is his last will and testament and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of ____, 19__."
D. The statutory will authorized by this Section may not be executed in braille or other similar mode of expression.
E. A competent witness for the purposes of this Section is a person who meets the qualifications of Civil Code Articles 1591 and 1592, and who knows how to sign his name and to read the required attestation clause, and is physically able to do both.
Amended by Acts 1974, No. 246, § 1; Acts 1976, No. 333, § 1; Acts 1980, No. 744, § 1. (emphasis added)
[2] Evans v. Evans, 410 So.2d 729 (La.1982), discussed infra and in 43 La.L.Rev. 601-603 (1982).