DOWNING, J.
2At issue in this appeal is whether the trial court erred when it entered judgment giving effect to legacies left to witnesses where the testament was probated in notarial form but was given effect in its *197 olographic form. For the following reasons, we conclude the trial court did not err, and we affirm the judgment.
FACTS
The decedent, Arvie L. Morgan, left a will that the trial court found to be valid in both notarial and olographic form. The will was first probated as a notarial will. Two of his named legatees were his sisters, Billie Ruth Nettles and Patricia Morgan. These two sisters also signed as witnesses to the will.
The sisters filed a motion to amend the probate proceedings asking that the will be probated as an olographic will. At a trial on the matter, the trial court denied the motion for leave to amend but ruled against decedent’s daughter, Debra Hollier, in her capacity as dative testamentary executrix: the trial court entered judgment ordering “that the legacies made by the testator to Billie Nettles and Patricia Morgan be given full effect in accordance with the testator’s intent as expressed in olographic form.” (Emphasis added.)
Ms. Hollier, in her capacity as dative testamentary executrix, appeals asserting that “[t]he trial court acted in direct contravention of express law in allowing witnesses to a notarial testament to receive as legatees under the testament.”
DISCUSSION
Ms. Hollier argues that the sisters are precluded from inheriting under the provisions of La. C.C. art. 1582, which provides:
3The fact that a witness or the notary is a legatee does not invalidate the testament. A legacy to a witness or the notary is invalid, but if the witness would be an heir in intestacy, the witness may receive the lesser of his intestate share or the legacy in the testament.
The law is long settled that the existence of subscribing witnesses to the olographic will not affect in any way its validity. These signatures are “mere surplusage, and to be disregarded.” Jones v. Kyle, 168 La. 728, 732, 123 So. 306, 307 (La.1929), citing Heirs of Andrews v. Andrews’ Executor, 12 Mart. (O.S.) 713 (1823). See also Aubrey & Rau, Testamentary Successions & Gratuitous Donations, 3 Civil Law Translations § 664, no. 6, p. 128 (1969), which contains the following:
The use of needless or superfluous formalities does not vitiate testaments otherwise regular in form. This is so even where these formalities could not, had they been deemed necessary, be consider as validly complied with. Thus, for example, the assistance of a number of witnesses greater than the number required by law does not vitiate the testament, which remains valid notwithstanding the incapacity of some of them, when, omission made of the incapable witnesses, there remain a sufficient number of them who are capable. (Footnotes omitted.)
Thus it appears in the matter before us that we are to disregard the surplus signatures of the witnesses.
Prior to 1986, Louisiana Civil Code arts. 1592 and 1595 together provided that the entire testament was null and void if it was witnessed by an heir or legatee.[1] La.C.C. *198 art. 1582, Revision Comments — 1997, Comment (b); Estate of Wartelle, 428 So.2d 1300, 1301-02 (La.App. 3 Cir.1983). See also Evans v. Evans, 410 So.2d 729, 732 (La.1982). “The harshness of that result was mitigated in 1986 when Article 1592 (1870) was revised by 4Act No. 709 to permit the testament to be upheld and merely deprive the witness of the legacy.” La. C.C. art. 1582, Revision Comments— 1997, Comment (b).
In Wartelle, the court considered the fate of an entire statutory testament in which a legatee was also a witness, but one whose signature was not necessary to maintain the validity of a statutory will. Wartelle was decided under the harsh former provisions requiring that the entire testament be voided if a legatee signed as a witness. The appellate court upheld the validity of a statutory testament, affirming the holding of the trial court that the signature of a third witness, who was a legatee, was mere surplusage. Id. at 1301, 1303.
Reviewing the matter under the old code articles, the Third Circuit declined to address “what should become of the incompetent witness’ legacy under the result reached” because the parties did not raise the issue. Id. at 1303. However, if a surplus signature is disregarded such that an entire will retains its validity against the harsh provisions of La. C.C. arts. 1592 and 1595, we see little distinction that would cause us to reach a different result under the current article when applied to a legacy with witnesses whose signatures are surplus.
The Third Circuit was fortified, as are we here, by the fact that there was no suggestion of fraud. Id. at 1303. And we note the protections provided by La. C.C. arts. 1478, 1479 and 1480, which deal with nullity of donations due to fraud, duress or undue influence.[2] Were any of these alleged and proven, the other heirs or legatees would have recourse.
5Accordingly, we conclude that the trial court did not err when it ordered that the legacies to Billie Ruth Nettles and Patricia Morgan be given full effect in olographic form. We will affirm the judgment of the trial court. Ms. Hollier’s assignment of error is without merit.
DECREE
We affirm the judgment of the trial court. Costs are assessed to Debra Holder in her capacity as dative testamentary executrix.
AFFIRMED.
*199 CARTER, J., concurs.
GAIDRY, J., dissents with reasons.

. Former La. C.C. arts. 1592 and 1595 provided as follows:
Art. 1592. Heirs and legatees excluded as witnesses
Neither can testaments be witnessed by those who are constituted heirs or named legatees, under whatsoever title it may be. Art. 1595. Testamentary formalities essential
*198 The formalities, to which testaments are subject by the provisions of the present section, must be observed; otherwise the testaments are null and void.

. Louisiana Civil Code arts. 1478, 1479 and 1480 provide as follows:
Art. 1478. Nullity of donation procured by fraud or duress
A donation inter vivos or mortis causa shall be declared null upon proof that it is the product of fraud or duress.
Art. 1479. Nullity of donation procured through undue influence
A donation inter vivos or mortis causa shall be declared null upon proof that it is the product of influence by the donee or another person that so impaired the volition of the donor as to substitute the volition of the donee or other person for the volition of the donor.
Art. 1480. Nullity due to fraud, duress, or undue influence; severability of valid provision
When a donation inter vivos or mortis causa is declared null because of undue influence or because of fraud or duress, it is not necessary that the entire act of donation or testament be nullified. If any provision contained in it is not the product of such means, that provision shall be given effect, unless it is otherwise invalid.